Burke, J.
The petitioners, Bachman (the father of an infant) and Rodriguez Moreno (the legal representative of the paternal grandparents of the infant) secured a writ of habeas corpus seeking the delivery of Alberto Bachman Feliciano, an infant, to his paternal grandparents in Puerto Rico. After a hearing, Special Term dismissed the writ of habeas corpus, granted permanent custody to the respondent, his mother, with a right of visitation to the grandparents. Upon appeal, the Appellate Division reversed on the law and the facts and directed the delivery of Alberto to Rodriguez Moreno.
Temporary custody of the infant was granted to the paternal grandparents pursuant to a stipulation incorporated in an order and judgment of divorce of petitioner and Annie Feliciano Mejias made by the General Court of Justice of Puerto Rico, Superior Court, San Juan, on July 23, 1953.
Respondent, the mother of the infant, contends that the stipulation and decree granted legal custody of the infant to her, and only temporary custody to the grandparents and that, by reason of the grandparents’ breach of the provisions of the stipulation and decree, she is entitled now to sole custody and that, in any event, changes in circumstances indicate that the welfare and best interests of the child dictate that his complete custody be awarded to the respondent.
In the divorce decree the patria potestas was awarded to the respondent over her three children, Alberto, William and Ana. By an order establishing family relations and allowance for support, the Puerto Rico court gave effect to the stipulation by providing that the respondent was authorized to reside with her *579 parents in New York together with William and Ana, and that she was further authorized, within the exercise of the patria potestas, to leave the minor Alberto in the custody of his grandparents in Puerto Rico during the school year, with the understanding that he would be sent to live with the respondent at her residence in the city of New York during the vacation period in every year. The father and grandparents were allowed at their expense the right of temporary custody of the minors, William Jorge and Ana Angelica during the vacation period. The grandfather guaranteed the payments of support. The Puerto Rico court likewise provided that, in the event the paternal grandparents did not comply with the terms of the order, the respondent may deprive them of the custody of the infant Alberto by the exercise of the patria potestas awarded to her. The court stated it would then, after a hearing, adopt whatever measures were necessary to enforce the terms of the order of family relations and support.
Disregard for the terms of the family relations and support order by the petitioner Bachman, the respondent and the grandparents, as well as the conduct and attitudes of Alberto, set the stage for disagreement, ripening into litigation in Puerto Rico and culminating in the controversy now before us. In July, 1953, a vacation period, the respondent arrived in the city of New York with William and Ana, where they since have resided. The grandparents refused to permit Alberto to join the respondent and his brother and sister for the vacation period. In October, 1953, during the school year, Alberto spent two weeks with the respondent. He did not return again until November, 1954. His conduct toward his mother, the respondent, his brother and sister and his playmates was insulting, impudent, rude and argumentative. He used vile language, bullied his brother, his sister and his playmates. Under his mother’s care, and as a result of association with his brother and sister, his conduct gradually improved. In December, 1954, the grandfather requested the respondent to return Alberto to Puerto Rico. She refused, whereupon the payments for support were discontinued. The grandparents have not exercised their rights of temporary custody of William and Ana during vacation periods.
In January and February, 1955, the respondent, appearing in Puerto Rico, filed motions in the General Court of Justice of *580 Puerto Rico, Superior Court, San Juan, asserting that, in the exercise of her patria potestas and for the welfare and benefit of the minor, she had retained custody of Alberto and deprived the grandparents of temporary custody, that the actions of the grandparents in not assuming temporary custody of William and Ana evinced a preference for Alberto which was detrimental to the best interests of William and Ana, and that the petitioner, Bachman, failed to make the support payments directed by the court. The respondent requested an order of that court approving, because of the violations of the order, the exercise of her patria potestas, the release of the grandfather from his guarantee of support payments and the punishment for contempt of the petitioner, Bachman, the father, unless the support payments in arrears were promptly made.
On March 17,1955 without a hearing, the court issued an order commanding the return of Alberto to his grandparents, pending the readjudication of the custody issue. Respondent returned to New York before a copy of the order could be served personally upon her. The court issued a further order on March 23, 1955 directing the respondent to deliver Alberto to the grandfather or any representative he should appoint. The grandfather then designated the petitioner, Rodriguez Moreno who, together with the petitioner, Bachman, came to New York and sued out the writ of habeas corpus on March 30, 1955.
Petitioners argue that the order of Special Term denied full faith and credit to the Puerto Rico orders and was not supported by the weight of the evidence. The New York courts, they contend, should permit the Puerto Rico courts as a matter of comity and reciprocity to settle the custody issue in the incompleted motion proceeding. We disagree. The full faith and credit clause does not apply to custody decrees. (Matter of Bull [Hellman], 266 App. Div. 290, affd. 291 N. Y. 792; Ehrenzweig, Interstate Recognition of Custody Decrees, 51 Mich. L. Rev. 345 [1953].) In May v. Anderson (345 U. S. 528), Mr. Justice Frankfurter stated in a concurring opinion: “ the Full Faith and Credit Clause does not require Ohio, in disposing of the custody of children in Ohio, to accept, in the circumstances before us, the disposition made by Wisconsin. * * * Interests of a State other than its duty towards children may also prevail over the interest of national unity that underlies ¡he Full Faith and Credit Clause. But the child’s welfare in *581 a custody case has such a claim upon the State that its responsibility is obviously not to be foreclosed by a prior adjudication reflecting another State’s discharge of its responsibility at another time. ’ ’ (345 U. S. 528, 535-536.) This court has pointed out that the New York Supreme Court, as successor to the prerogative of the Chancellor, acts as parens patriae. (Finlay v. Finlay, 240 N. Y. 429, 433, 434.) It is the duty of the New York Supreme Court to determine the custody of minor children in this State and such determination is to be based solely on the welfare of the minors. The responsibility for the welfare of infants endows the court with the power to determine custody irrespective of the residence and domicile of the parents and prior custody orders in a foreign jurisdiction. (People ex rel. Herzog v. Morgan, 287 N. Y. 317, 320; People ex rel. Allen v. Allen, 105 N. Y. 628.) It transcends the rule of comity. Comity is a matter of policy. (Rosenbaum v. Rosenbaum, 309 N. Y. 371, 375.) This rule of policy must yield when it conflicts with the dominant domestic duty of the court to guard the welfare of its wards. The individual rights of infants to invoke the protection of the State in which they reside cannot be ignored.
We turn now to a consideration of the welfare of Alberto. In view of the reversal of the findings of fact by the Appellate Division, we must decide whether the weight of the evidence supports the findings of the Appellate Division or that of Special Term. (Civ. Prac. Act, § 605, Applebee v. State of New York, 308 N. Y. 502, 511; Harrington v. Harrington, 290 N. Y. 126, 130, 131; People ex rel. Herzog v. Morgan, 287 N. Y. 317, 322, supra.) The respondent, vested with the patria potestas, had not only the right but the responsibility to exercise it to the extent of depriving the grandparents of temporary custody if such custody was inimical to the best interests of the minor.
Special Term, after considering the evidence adduced by the respondent to vindicate the withdrawal of temporary custody from the grandparents, awarded custody to the respondent mother, in order that the three children should not be separated, finding that the boy, after residing with his mother, brother and sister, benefited from the natural and normal family associations. His behavior changed from a pose of aggressiveness and hostility to one of affection and correlative respect.
The Appellate Division affirmed the findings as to behavior. The tense and imperious attitude of the boy constitutes ample *582 evidence to sustain a finding that there was a change of circumstances since the stipulation was entered into, and the order of the court of Puerto Eico approving the stipulation entered. The separation of the children obviously contributed to the state of mind of Alberto toward family life and interpersonal relations with other children. The denial of the right of Alberto to enjoy the usual companionship of his brother and sister cannot be justified.
A child is not a chattel which may be used as a consideration for an agreement of compromise. The child’s rights are superior to the rights of the parties to a stipulation and an order approving a stipulation. This case is one where the court must award custody not to one parent or to the other, but whether such custody should be given to the respondent mother or to relatives other than the father. In People ex rel. Portnoy v. Strasser (303 N. Y. 539, 542), Judge Desmond, writing for a unanimous court, had the following to say: “ Questions of custody are, generally, for the Supreme Court, in its discretion, and it is rarely that any such determination by it can raise any question of law for us. But that discretion is not an absolute or uncontrolled one (see Bunim v. Bunim, 298 N. Y. 391). No court can, for any but the gravest reasons, transfer a child from its natural parent to any other person (People ex rel. Boulware v. Martens, 232 App. Div. 258, affd. 258 N. Y. 534; People ex rel. Hausler v. Stegmeier, 240 App. Div. 901, affd. 264 N. Y. 483; Matter of Thorne, 240 N. Y. 444; Domestic Eolations Law, § 81) since the right of a parent, under natural law, to establish a home and bring up children is a fundamental one and beyond the reach of any court (Meyer v. Nebraska, 262 U. S. 390, 399).”
The submission of the respondent mother to the jurisdiction of the Puerto Eico court was not unconditional. The petition filed in Puerto Eico requested the hearing provided for in the judgment. The order of March 17, 1955 directed the return of the boy to the paternal grandfather “as a precondition to be heard ’ ’. The respondent mother, believing the precondition to be contrary to the welfare of the child and destructive of the child’s well-being, in the exercise of the right of patria potestas did not accede to the precondition, preferring to abandon the application for the support payments and a hearing on custody in Puerto Eico, rather than to risk, as she viewed it, a disturbing interference in the character development of the child. Upon *583 reflection, it appears that the intention of the respondent was not to flout the orders of the Puerto Rico court, but rather to exercise a choice between abandoning her motion for support payment or consenting to the separation of the children which she had found to be a divisive influence between brother and brother, and brother and sister.
We are persuaded that the respondent’s conduct was actuated not out of contempt for the orders of the Puerto Rico court but rather concern for the future of all three children. Under such circumstances and with due respect for the orders of the court of Puerto Rico, we cannot find that the respondent’s acts in respect to the court of Puerto Rico were so willful and contemptuous as to warrant, for that reason alone, an order separating the children at a transitional time of their family life.
The weight of the evidence confirms the findings of the trier of the facts. As Mr. Justice Frankfurter said,' in a concurring opinion in May v. Anderson (345 U. S. 528, 536 [1953], supra), “ Children have a very special place in life which law should reflect. Legal theories and their phrasing in other cases readily lead to fallacious reasoning if uncritically transferred to determination of a State’s duty toward children.”
We are constrained to agree with the findings of Special Term. The order of the Appellate Division should be reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division.