ELIZABETH F. GESSELL, Plaintiff and Appellant, *v.*
RAYMOND J. JONES, Defendant and Respondent.

No. 11261.
Submitted April 13, 1967. Decided May 10, 1967.
427 P.2d 295.

Tipp, Hoven & Brault, Raymond W. Brault (argued), Missoula, for appellant.

Lucas & Jardine, Charles A. Jardine (argued), Miles City, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

Action on a contract for the payment of child support.

On May 9, 1959, Raymond J. Jones (hereinafter called Jones) filed a divorce action against Elizabeth F. Jones (now Gessell and hereinafter called Gessell) in the district court of Custer County, Montana.

On September 30, 1959, the parties entered into a "separation and property agreement" wherein Jones agreed to pay Gessell the sum of $200 per month for the support of the three children of the marriage in addition to the sum of $100 each August for the purchase of school clothing.

A decree of divorce was granted October 14, 1959, providing that Jones should pay $200 per month for child support. In that action the divorce decree contained an express recognition of the agreement between the parties but "neither approved nor disapproved" of it.

Jones petitioned the court April 18, 1961, for a modification of the decree to require payment of $140 per month for child support. On June 2, 1961, both parties stipulated through their respective counsel that the support payments should be reduced to $175 per month and the decree was so modified.

A second modification was made July 3, 1964, after a hearing with both parties being represented by their respective counsel wherein the support payments were further reduced to $135 per month.

On January 31, 1966, Gessell brought on action for $3,430.00 based on the claim that Jones owed her the difference between the sum of the support payments he had made under the various decrees and the sum of the payments required by the agreement. The district court decided that this action was barred by the doctrine of collateral estoppel raised by the previous modifications and for that reason entered an order granting Jones's motion for summary judgment under Rule 56(b), M.R.Civ.P.

The single question determinative of this appeal is whether parties named in a divorce decree may enforce a prior contract for the support of minor children of the marriage when the court assuming jurisdiction to grant the divorce has subsequently decreed provisions for child support differing from those of the contract? The doctrine of collateral estoppel as applied by the district court to support its order of summary judgment provides the answer to this question.

Section 21-138, R.C.M.1947, provides: "In action for divorce the court or judge may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, *and may at any time vacate or modify the same.*" (Emphasis supplied.) When the provisions for the support of the children are made the subject to a separation agreement between the parents, such agreement may be binding upon the parties but it does not bind the child or the court having jurisdiction over the divorce proceeding. Kane v. Kane, 53 Mont. 519, 165 P. 457; State ex rel. Floch v. District Court, 107 Mont. 185, 81 P.2d 692. Therefore, the district court was free to modify the original decree, as it did, to provide for child support payments which were lower than those named in the agreement.

The effect of modifying a divorce decree to provide

child support payments differing from prior contractual provisions is to create an estoppel to the enforcement of such contractual child support provisions. "Collateral estoppel" as raised by this case may be considered as a branch of the doctrine of res judicata but is distinguishable from the bar to litigation normally called res judicata. The distinction is that res judicata bars the same parties from relitigating the same cause of action while collateral estoppel bars the same parties from relitigating issues which were decided with respect to a different cause of action. See Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195, for a frequently cited discussion of this distinction. The bar that arises from collateral estoppel extends to all questions essential to the judgment and actually determined by a prior valid judgment. Nadeau v. Texas Co., 104 Mont. 558, 69 P.2d 586, 593, 111 A.L.R. 874; Restatement of Judgments, § 68.

■ In the instant case the parties to this action twice appeared before a court of competent jurisdiction to determine the child support payments under the decree. The resulting modifications finally fixed the sums due under the decrees to the date this action was filed. We hold that as a result of these prior judicial determinations appellant Gessell is estopped to contend that a greater amount of child support is due and owing under contractual obligations.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN CONWAY HARRISON concur.