Clarence Henry BECKLE, Appellant
(Defendant below),

v.

Helen Marie BECKLE, Appellee
(Plaintiff below).

No. 3720.

Supreme Court of Wyoming.

March 27, 1969.

Peter J. Mulvaney, of Guy, Williams, White & Mulvaney, Cheyenne, for appellant.

Brooke Wunnicke, of Fennell & Wunnicke, Cheyenne, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The appeal in the case we are dealing with questions the property settlement made by District Judge John F. Raper when a divorce was granted to Helen Marie Beckle from Clarence Henry Beckle.

The first marriage of these parties was severed by a divorce which the husband obtained in 1949. The parties were then remarried in 1960. Three children were born during the first marriage, but none were minors at the time of the divorce we are now concerned with.

The appellant-husband contends the decree entered by the trial court is grossly unjust and contrary to applicable principles of law in three respects:

1. Because the decree awards plaintiff an excessive amount of property;

2. Because the decree is based on the concept of punishment of the husband; and

3. Because the decree is unworkable and will have the effect of putting appellant out of business.

Counsel for appellant recognizes the provisions contained in § 20–63, W.S.1957, which have to do with the disposition of property when a divorce is granted. Our court has had occasion to construe and apply this statute many times. Counsel on both sides seem to be aware of the principles adhered to, and previous cases cited by them include Biggerstaff v. Biggerstaff, Wyo., 443 P.2d 524; Warren v. Warren, Wyo., 361 P.2d 525; Boschetto v. Boschetto, 80 Wyo. 374, 343 P.2d 503; and Crawford v. Crawford, 63 Wyo. 1, 176 P.2d 792.

*Point 1.* Appellant's contention that the award to plaintiff was excessive is based on the assumption the dividing court did not give proper recognition to that part of § 20–63 which states the court shall make such disposition of the property as shall appear just and equitable, having regard to "the party through whom the property was acquired."

According to appellant's figures, the parties' net worth was approximately $123,260. He complains because the allowance to plaintiff was substantially 35% of everything or $43,141. He neglects to mention the value left for defendant was about $80,119 or 65%.

Also, appellant overlooks that § 20–63 requires the court to have regard to "the respective merits of the parties" and "the condition in which they will be left" by the divorce. Admittedly, defendant's conduct had given ample ground for the granting of a divorce to plaintiff. Suffice it to say, as far as merits are concerned, defendant's attorney concedes the conduct of defendant had been despicable.

We do not imply, however, that defendant's conduct had been such as to justify punishment through the property settle-

ment. This we will discuss later. For now we want to merely mention in passing that the wife appears to be a middle-aged, unemployed woman left by the divorce without a home and without assets except such as were awarded to her in the decree. The family home—a ranch home—was left to the husband.

It is argued on behalf of the husband that the property here involved was mostly acquired by defendant after the parties were first divorced in 1949 and prior to the eight years of their second marriage. Counsel for the wife counters that a substantial part was acquired during the first marriage.

Without getting into that dispute, we are more impressed by the fact that prior to their second marriage the parties entered into an oral antenuptial agreement to the effect that the husband would transfer his property so that he and his wife would own it jointly. In keeping with the agreement, most of the real estate was transferred so that title was in the name of husband and wife as tenants by the entirety.

This brings us to another phase of the guidelines set out in § 20-63. Not only is the court to have regard to the respective merits of the parties; to the condition in which they will be left and to the party through whom the property was acquired; but the court is also required by the statute to have regard to "the burdens imposed upon it [the property], for the benefit of the wife."

The evidence in this case indicates the antenuptial agreement was to the effect that husband and wife would own the property "share and share alike." Therefore, with the major portion of the property in joint ownership pursuant to this agreement, it is clear there was a substantial burden imposed upon the property for the benefit of the wife.

■ All these matters considered, we cannot say as a matter of law the action of the district court in awarding approximate-

ly 35% of the property to the wife was clearly unjust and inequitable. It is not a function of this court to constitute itself as a court of the first instance to divide the property. Boschetto v. Boschetto, 80 Wyo. 374, 343 P.2d 503, 506.

■ *Point 2.* Appellant says judicial discretion should not be so exercised as to reward one party and punish the other. For this he cites Britz v. Britz, 95 Ariz. 247, 389 P.2d 123, 124; and Porter v. Porter, 67 Ariz. 273, 195 P.2d 132, 140. We do not disagree with this principle.

However, we find nothing in the record before us to indicate either reward or punishment was involved in the decree of the district court. There would be no basis for believing punishment was intended unless we first assumed, as appellant argues in Point 1, that the award to plaintiff was excessive and not just or equitable.

The crux of appellant's argument regarding punishment is that the trial court must have based its decree on an intent to punish defendant, as there is no other explanation for the severity of its effect upon appellant. Inasmuch as we do not accept the contention that the award to plaintiff, under all the circumstances present, was unjust or inequitable, it follows that we cannot say the effect on the husband was so severe as to denote an intent to punish him.

■ *Point 3.* When appellant argues the decree is unworkable and will have the effect of putting him out of business—the ranching and livestock business—it seems to us he is really saying again the share awarded the wife was too much; and that if she shares in the property, he will not be able to carry on ranching operations on the scale he and his wife together carried them on before the divorce.

Of course, that would be true no matter what kind of business the parties owned. When a marriage ends in divorce and the business property has to be divided, the business will not thereafter be the same.

Unfortunately, appellant has been silent as far as suggesting a more workable plan which would still assure the wife a just and equitable share of the property being distributed. Even if such a plan could now be conceived, it would be difficult for us to put it into effect without constituting our court a court of the first instance to divide the property. We have already indicated such is not the function of an appellate court.

If appellant has something better to suggest, aside from a material change in the shares of the respective parties, it should have been presented to the district court, since generally matters not presented first to the court below cannot be raised on appeal. In re Bridger Valley Water Conservancy District, Wyo., 401 P.2d 289, 292.

There is, however, a point to be considered in connection with the decree of the district court insofar as it relates to support money and cattle. At the outset of the case, the defendant-husband was ordered to pay plaintiff $200 per month "during the pendency of this action."

In its decree the court set over to plaintiff as her sole and separate property 35% of all cattle and ordered defendant to have her share released from a substantial existing mortgage, so that she would receive her share free and clear of any and all encumbrance.

We have previously mentioned that § 20–63, W.S.1957, requires the court to make such disposition of the property as shall appear "just and equitable." If it is indeed just and equitable, it must be so as of the date the decree is entered, which in this case was April 4, 1968. Ordinarily a husband makes support payments up to the date of a decree, and then the court divides what property is left at that time.

The plaintiff in this case was given the option of selecting her 35% of the cattle in kind or of causing all the cattle to be appraised and then requiring defendant to *forthwith* pay her 35% of the appraised value. We find nothing in the record to indicate plaintiff has selected which option she will exercise, and if her choice is for kind, she has not as far as we know selected the cattle she is to take. The decree specified the election of alternatives was to be made by plaintiff "forthwith."

Particular attention needs to be given to one paragraph of the decree which states:

"Upon selection and receipt by plaintiff of her share of the cattle as authorized by subsection (a), or upon payment by the defendant to the plaintiff of 35% of the appraised value of the cattle, whichever option plaintiff shall elect, the defendant's liability for $200.00 monthly alimony payment shall thereupon cease."

Plaintiff would not have the right to compel her husband to continue payments of $200 per month, merely by failing to make her selection. Of course, she may have assumed the appeal and appellant's supersedeas bond have operated to keep the case in *status quo*.

Twelve or thirteen months are likely to have gone by since the entry of the decree and before a mandate goes down in this case. If defendant were considered to be liable for $200 a month during that time in addition to plaintiff receiving the share of property awarded to her, it would mean she would be getting from the cattle 35% plus what it takes to clear her share from the existing mortgage, and then plus some $2500 more.

She must not in any case be allowed to collect $200 after the entry of the decree and prior to her selection of alternatives, because she was required to make such selection *forthwith*. On the other hand, even if her selection had been made forthwith, we would say the division of property on the basis of 35% to the wife and 65% to the husband was strictly a property settlement as distinguished from alimony. See Warren v. Warren, Wyo., 361 P.2d 525, 527–528.

In the *Warren* case we pointed out, with much authority therefor, that payments which are themselves an integral part of the adjustment of property will not be considered *alimony* in the sense of support and maintenance. Here we have the opposite. The property adjustment was fixed and made definite. If carried out immediately, the wife would be responsible for her own support and maintenance from and after the date of the decree.

Therefore, unless a penalty for some reason is assessed against the husband, support and maintenance for the wife after the court's division of property must be charged against her or against her share of property. If we were to say the requirement of paying $200 a month was intended to penalize the husband for not making immediate settlement, we would be condoning an act which could jeopardize or hinder the defendant's right of appeal.

■ It is stated as a rule in 4 C.J.S. Appeal & Error § 206, p. 610, where a right to appeal is given to a party by statute as a matter of right, the court cannot, by provision in the judgment or decree, or otherwise, deprive him of such right. A similar rule is stated in 4 Am.Jur.2d Appeal and Error § 235, p. 732, to the effect that one otherwise entitled to appellate review under a constitutional or statutory provision cannot be deprived of that right by any act or restriction of the court.

■ Art. 5, § 2, Wyoming Constitution, gives the supreme court general appellate jurisdiction, with general superintending control over all inferior courts. We would be remiss in our duty if we permitted district courts to include provisions in their judgments which might restrict a party's right of appeal, or in any manner penalize a party for exercising his right of appeal. Sufficient authority rests in a district court in its right to fix an adequate supersedeas bond when an appeal is taken. It should not restrict or interfere with the right of appeal by any provision which would tend to penalize a party when he appeals.

We must assume 35% of the cattle, with an existing lien eliminated by the husband, was a fair and equitable settlement because that is what the settlement would have been if plaintiff had taken her 35% at that time. There would be no basis for saying 35% to the wife, free and clear of the existing lien, plus an additional sum of approximately $2500 would still be a fair and equitable division.

■ It was proper for the court, if it saw fit to do so, to require the husband to continue payments of $200 per month until certain steps in the division were carried out. However, when a division of property is made as in this case without alimony being an integral part of the settlement, any further support or alimony payments made after entry of the decree should in equity be considered advances on the wife's share of property.

In order to carry out the trial court's implied finding that a just and equitable division of property is generally 35% to the wife and 65% to the husband, its decree must be modified to allow credit to the husband for alimony payments, if any, which have been paid since the decree and which were not payable prior to the entry of such decree.

■ Counsel for appellee, in an addendum to her brief, has suggested her client should be allowed an attorney fee for defending against appellant's appeal. No motion or other proceeding was initiated to cause the pros and cons of this suggestion to be presented to us.

Nevertheless, we are aware from the record in this case that plaintiff will be able to pay an adequate fee to her attorney, when the property settlement of the district court has been carried out. We are not inclined to allow any further fee for legal counsel. The record shows the district court allowed a total of $400 for legal representation of the plaintiff in that court.

Remanded with instructions to modify the property settlement decree in keeping with this opinion, by giving the husband

credit for support payments, if any, which have become due and which he has paid since the date of the decree. With that modification, the judgment of the district court is affirmed.