William Richard YOUNG, Appellant
(Defendant below),

v.

Melba B. YOUNG, Appellee
(Plaintiff below).

No. 3832.

Supreme Court of Wyoming.

July 24, 1970.

Donald E. Chapin, Casper, for appellant.

George M. Apostolos, of Brown, Drew, Apostolos, Barton & Massey, Casper, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The defendant in a divorce action, William Richard Young, questions the property settlement and alimony provision which was made by the district court. The plaintiff and appellee is the wife, Melba B. Young.

Appellant does not attack the divorce itself. The only assignments of error asserted on appeal are:

1. That the trial court abused its discretion in dividing the assets of the parties; and

2. That the awarding of alimony to the plaintiff was in derogation of applicable law.

Appellant states in his brief that he is fully cognizant of the decisions of this court in marital cases and of our adherence to the principles set forth by Justice Kimball in Lovejoy v. Lovejoy, 36 Wyo. 379, 256 P. 76, 79. It is therefore conceded in this case, as it was conceded in the *Lovejoy* case, that:

1. In making a division of property under the statute the trial court exercises a discretion.

2. There are no hard and fast rules to control the trial court's action.

3. The statute does not require an equal division; and a just and equitable division is as likely as not to be unequal.

4. The decision of the trial court should not be disturbed, except on clear grounds, as that court is usually in a better position than the appellate court to judge of the respective merits and needs of the parties.

Our review of the settlement made by the district court in granting a divorce to the Youngs convinces us there was no abuse of discretion in the property settlement; and that the award of alimony as made was equitable and authorized by law.

### The Property Settlement

When we give proper meaning to the first principle of appellate review—that the trial court exercises a discretion—it results in a variance in settlements. For example, one trial court may tend to award more to the wife while another trial court may award more to the husband. Keeping in mind that each trial court has a discretion and that just and equitable divisions are likely to be unequal, we might very well affirm where more is awarded to the wife and also affirm in another case where more is awarded to the husband.

The prior decisions of our court must therefore be viewed as giving recognition to the discretion of the respective trial courts and not as an expression of opinion as to how settlements should be made. We mention this because appellant claims an analysis and reconciliation of former decisions by our court shows a consistent historical policy to allow the husband to retain, unfettered by participation on the part of his wife, all of the assets which the husband uses in making a living.

We fail to find in any of the cases cited by appellant any support for his claim that there has been a policy to allow all assets which the husband uses in making a living to be retained by him. A trial court might very well consider it equitable and proper to award to a husband assets used by him in making a living, if the wife was otherwise properly provided for either in property or alimony.

That is not to say, however, that a trial court is required to follow such a method of settlement when it considers another mode of settlement more just and equitable.

In granting a divorce to Mrs. Young, the district court awarded her the family residence which was appraised at $27,500 but which was subject to a mortgage of $15,000. She was also awarded an automobile; the furniture in the house; one-half of the parties' cash; one-third of the parties' mineral and royalty interests including interests in oil and gas leases; and one-third of the shares of capital stock.

Appellant was awarded a new Jeepster; a boat with two motors and boat trailer; his own personal goods; one-half of the parties' cash; two-thirds of the oil, gas and mineral interests; and two-thirds of the stock. He was ordered to pay $150 per month for the support of a minor daughter, who was placed in the custody of the mother, and alimony to plaintiff at the rate of $400 per month for five years. The custody of a minor son was granted to the father.

According to values which the parties seem to have mutually accepted, the net value of assets left to the wife amounted

to $47,031.69, excluding the value of the automobile, furnishings and personal effects. On the other hand, the value of assets awarded to the husband amounted to $59,577.19, excluding the value of his motor vehicle, boat and boating equipment, furnishings and personal effects.

■ The defendant, an oil geologist, shows that the major portion of his income in recent years has come from trading in stocks and dealing in oil and gas properties. He argues that the award to plaintiff of one-third of the stock owned by the parties and one-third of the oil, gas and mineral interests owned by the parties hampers his ability to earn; and that he should either be awarded a larger share of the stock and mineral interests or in the alternative that he should not be required to pay alimony.

There clearly is an element of speculation in trading in stocks and in dealing in oil and gas leases and mineral rights. Inasmuch as the trial court could not be sure Young would continue to be as fortunate in this business as he had been in months past, it did not abuse its discretion by deciding to make a fair division of the stocks and of the mineral interests.

Indeed the general decline in the stock market since the time of the divorce (August 26, 1969) would tend to show that the division made may prove to be more just and equitable than a different one would have been. By receiving a definite share of the stocks owned, plaintiff will share proportionately with defendant in the gains or losses in stock prices. That is just and equitable.

If we assume the husband could continue to profit from dealing in the stock market, then of course he would make more profit if he owned all of the stock. However, we are shown no reason to believe he cannot make two-thirds as much profit from two-thirds of the stock as he could make from all of it; and that would be his proper share.

In Beckle v. Beckle, Wyo., 452 P.2d 205, 208, we dealt with a claim by the husband that the decree would have the effect of putting him out of the ranching and livestock business. We expressed recognition of the fact that the husband would not be able to carry on ranching operations on the scale such operations were carried on before. We said that would be true no matter what kind of business was involved.

As we commented in *Beckle*, when a marriage ends in divorce and the business property has to be divided, the business will not thereafter be the same. But that is not to say the husband will not be as well off proportionately, according to the proportion awarded him in the decree.

■ We fail to find a clear showing of an unjust or inequitable division of property in the Young decree. We should not therefore interfere with the division made by the trial court. Biggerstaff v. Biggerstaff, Wyo., 443 P.2d 524, 526.

### Alimony

In the recent case of Storm v. Storm, Wyo., 470 P.2d 367, we referred to the Washington case of Lockhart v. Lockhart, 145 Wash. 210, 259 P. 385, 386. The Washington court expressed the view that it is neither just nor equitable for a divorced wife to be given a perpetual lien on her divorced husband's future earnings. The court then stated, it is only under the most unusual circumstances that the wife can rightfully call upon her divorced husband to continuously contribute to her support.

■ We think there has been a tendency in recent years for the trial courts to get pretty much away from alimony. And that is probably good. However, it is provided for in our statutes. Section 20–63, W.S.1957, contains this provision:

" * * * the court may also decree to the wife reasonable alimony out of the estate of the husband having regard for his ability * * *."

Quite recently in Biggerstaff v. Biggerstaff, Wyo., 443 P.2d 524, 528, we stated the trial court is privileged to make provision for alimony; and that generally speaking allowance or disallowance of alimony lies within the discretion of the trial court. There are times, of course, when a trial court may see fit to allow a wife less property than her fair share would be if property only were involved; and in order to even up the balance, the court may provide for alimony payments.

Indeed, inasmuch as the court in this case allowed one-third of certain properties to the wife and two-thirds to the husband, it is possible such an objective may have been present. In any event, we fail to see how the decree in this case can interfere with the appellant's future earning capacity, except for the profit which could be gained by trading and dealing with the particular property awarded to plaintiff.

On the other hand, appellee's need for alimony was shown in the evidence. She is 42 years of age. Prior to the marriage she worked in a ladies' ready-to-wear store and briefly took a course of typing and shorthand. It is apparent her earnings would not be large from the kind of employment she could be expected to obtain. The daughter she has to care for was ten years old at the time of trial.

The trial court must have considered the daughter would require close attention from the mother for a period of five years and that this would affect the mother's ability to earn. In any event, alimony payments to plaintiff were limited to 60 months. With this limitation, we consider the alimony award reasonable and within the discretion of the trial court.

Both as to the division of property and the allowance of alimony for five years, we fail to find clear grounds for disturbing the decree of the district court. We will not therefore pretend to substitute our judgment for that of the trial court with respect to a just and equitable settlement.

Affirmed.