Eva M. PIPER, Appellant (Defendant below),

v.

Harold PIPER, Appellee (Plaintiff below).

No. 3938.

Supreme Court of Wyoming.

Aug. 16, 1971.

Carl Lathrop, of Lathrop, Lathrop & Uchner, Cheyenne, for appellant.

William R. Jones, W. H. Vines, of Jones, Jones, Vines & Hunkins, Wheatland, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Chief Justice McINTYRE delivered the opinion of the court.

This case comes to us on the appeal of Eva M. Piper from a divorce judgment and decree entered in the district court of Platte County. Only property settlement questions are raised in the appeal.

The wife claims abuse of discretion by the trial court because it failed to award her alimony; because it awarded her only $15,000 as her share in the property settlement; because it did not make such allowance a lien on the husband's property; and because the wife was not awarded certain personal property.

In the recent case of Young v. Young, Wyo., 472 P.2d 784, 785, we referred once more, as we had done many times previously, to the established policy of this court with respect to a review of settlements made by district courts when a divorce is granted. In particular, we repeated once more that trial courts exercise a discretion in making these settlements; and that the decisions of such courts will not be disturbed except on clear grounds.

Counsel on both sides of the present controversy recognize the principles we refer to and it is not at all necessary to state them again. Our careful review of the record and evidence in this case convinces us the principles are generally applicable to the settlement we are now concerned with.

That is not to say we would have decided or settled property matters as the trial court did. But it is not necessary for the settlement to be what we would have made, in order for us to say abuse of discretion has not been clearly shown.

The marriage dissolved by the court in this instance was a second marriage for both parties. It had lasted some 17 years and nine months. At the time of divorce the husband was 55 years of age and the wife was 61. According to figures quoted by counsel for both parties, the ranch property, machinery and cattle owned by the husband at the time of marriage had a net value of $83,325. The wife brought $3,000 to $4,000 into the marriage. At the time of divorce the same real estate was still owned by the husband and the net value of all assets was $62,726.00, including $16,000 in trucks and machinery.

Thus, the total net value of assets of the parties at the time of divorce was $20,599 less than the net value of the husband's assets alone at the time of marriage, despite an appreciated value on the land. The figures used are based on the assumption that the land, consisting of 1,755 acres, had advanced in value from $15 per acre to $30 per acre. This amounts to an appreciated value on the land of $26,325.

In the settlement, the court awarded Mrs. Piper an electric organ, an accordian, a 1966 Chevrolet automobile, and a savings account of about $1,000. In addition, and in full settlement of property rights, the husband was ordered to pay his wife the sum of $15,000.00, said sum to be paid in a specified manner. Mr. Piper was awarded the remaining property of the parties, including the ranch land, livestock, equipment and household goods at the ranch.

During pendency of the divorce proceedings the appellant received $250 from her husband for support. Following the decree the judge ordered the husband to pay appellant $300 per month for temporary support pending appeal. At least 13 months can be expected to elapse for the appeal, by the time a mandate goes out from our court, which means something like $3,900 will have been paid by appellee to appel-

lant for support during appellant's appeal. Also, the husband was required by the district court to pay $500 in attorney fees for appellant.

*Concerning alimony,* we said in the *Young* case, at 472 P.2d 786, we think there has been a tendency in recent years for trial courts to get pretty much away from alimony; and that is probably good. Section 20–63, W.S.1957, requires the court, in granting a divorce, to make such disposition of the property of the parties as shall appear just and equitable. There is then a provision that the court *may* also decree to the wife reasonable alimony out of the estate of the husband.

■ It is quite apparent from § 20–63 that the awarding of alimony is not at all mandatory. As we said in Biggerstaff v. Biggerstaff, Wyo., 443 P.2d 524, 528, generally speaking the allowance or disallowance of alimony lies within the discretion of the trial court.

■ The Piper decree awards cash money in lieu of property. The settlement made was obviously thought by the trial court to be just and equitable, and we cannot say there was any abuse of discretion because alimony was not awarded.

■ *Concerning the property settlement,* we recognize no attempt was made to make the division equal. We have said many times, the statute does not require an equal division; and a just and equitable division is as likely as not to be unequal.[1] In this instance, if the court had undertaken to make an equal division of property, the husband might now be complaining instead of the wife.

We say that because § 20–63 makes it clear the court shall have regard "to the party through whom the property was acquired." The judge in this case followed that directive. In announcing his decision he stated:

"It appears that this is a marriage of no great length in which all of the property now held by the parties was brought into the marriage by Mr. Piper."

There are no specific guidelines in the statute as to how much weight must be given to the factor having to do with the party through whom the property was acquired. Neither has this court set any such guidelines in its prior decisions. There is, however, in both the statutes and decisions of our court the qualification that the disposition of property shall be such as shall appear (in the judgment of the court granting the divorce) to be just and equitable.

Taking into consideration the savings account awarded to Mrs. Piper, together with her allowances for support and attorney fees, we find no great abuse of discretion in the property settlement. We therefore make no attempt to substitute our judgment for the judgment of the trial court with respect to a disposition of the property of the parties, except for such modification as will be specified later on in this opinion.

■ *Concerning a lien,* appellant has shown no reason to believe there is a need for creating a lien against the husband's property, in order to secure the payments due from the husband to appellant. In the absence of something to indicate otherwise, courts must not assume their orders are going to be violated. Wardle v. Wardle, Wyo., 464 P.2d 854, 857.

*Concerning disputed personal property,* Mrs. Piper was asked questions at the trial about the value of household furniture and appliances and furnishings "being left there." The items specifically mentioned in the questions and answers were an automatic washer, the living room set, bedroom sets, deep freeze, refrigerator, stove, kitchen set, and washer and drier. Mrs. Piper testified she did not want these items because she had no place to put them.

After the decree of divorce had been entered, appellant filed a motion in district court pursuant to Rule 60(b), W.R.C.P. In this motion she sought to reopen the

1. Lovejoy v. Lovejoy, 36 Wyo. 379, 256 P. 76, 79; Young v. Young, Wyo., 472 P.2d 784, 785.

judgment and to have it clarified with respect to certain items which she claims were personal effects of hers and brought to the home of the parties by her.

Mrs. Piper's motion indicates she had expected to keep and have these items, most of which she claimed were gifts or bought with money earned by her. After the divorce, however, appellee would not let her have the items. Apparently he claimed them under the general language of the decree which awarded to him "all the remaining property of the parties hereto, including the ranch, livestock, equipment, and household goods at the ranch."

The motion for opening the judgment asserted the provisions pertaining to the household goods were obviously included as a result of mistake, inadvertence, or by oversight, and for other reasons justifying relief from the operation of the judgment.

Following a hearing on the wife's motion, with testimony being offered by the respective parties, the motion was denied. The order of denial was general with no reasons being stated. We cannot be sure whether the court thought the judgment should not be reopened, or whether it thought Mrs. Piper should not have received any of the disputed items if the judgment was reopened.

When the trial judge announced his decision in the original divorce action, he said: "In accordance with what seemed to be the agreement of the parties, the Court will award the household goods on the ranch to Mr. Piper * * *." However, as we read the testimony at the original trial and the testimony at the hearing on appellant's motion, there would be reason to believe there was a mutual mistake; and that the parties had not intended all of the disputed items to be included in the award to Mr. Piper of "household goods."

It is fair to say the question of whether Mrs. Piper should have had some of the disputed items of personal property and also the question of whether she should have had some larger share in the main

property distribution are both close questions. With respect to the latter, counsel for appellant, who is a young man, challenges the hypothesis of the trial judge, a few years older, that the marriage was "of no great length." Length of marriage is of course a relative matter.

When it comes to the making of a just and equitable disposition of property in divorce cases, there is no uniformity. It has to be on a case to case basis. We commented in Young v. Young, Wyo., 472 P.2d 784, 785, that the exercising of discretion by trial courts results in a variance in settlements. Even when the same trial judge is involved in different settlements there will be a variance in such settlements. And it is equally true at the appellate level. The deciding of what is just and equitable in property distribution has to be on a case to case basis.

■ Generally speaking, a settlement needs to be judged on an overall basis and not necessarily on the basis of separate parts. In this case the order for temporary alimony provides, if appellant is unsuccessful in her appeal and the district court's decision is affirmed, then the temporary alimony payments shall be credited against appellant's share of property. On the other hand, if the appeal is successful and the district court's decision is reversed or modified, then the support payments shall be subject to the directions of the supreme court.

The order recited that it was being made in light of our opinion in Beckle v. Beckle, Wyo., 452 P.2d 205, 209–210. We must expect and certainly cannot find fault when trial courts try to find in our opinions guidelines for settlements they are called upon to make. Although we do not renounce principles followed in the *Beckle* opinion, we do mention that the award to Mrs. Beckle involved much more than the award to Mrs. Piper, and Mrs. Beckle received a larger proportion of the total property involved. Also, the Piper marriage had lasted more than twice as long as the Beckle marriage.

Section 20–63 requires the court to have regard for the condition in which · the parties will be left when it distributes property in a divorce. A regard for Mrs. Piper's condition causes us to conclude the distribution in this case would have been more equitable if the money allowance to her had been slightly higher.

Accordingly, we instruct that the decree be modified to award to defendant, appellant herein, all temporary support payments paid or owing as of the time of our mandate, without any of such payments being credited on the share of property awarded to defendant in the original decree. In view of the thorough hearing which the trial court gave on appellant's motion to reopen the judgment and to clarify or correct the award with respect to the disputed items of personal property, we will not pretend to set aside the ruling thereon.

Affirmed subject to the modification herein indicated.

PARKER, Justice (dissenting).

The prevailing opinion is inconsistent since it holds that the trial court did not abuse its discretion but nevertheless alters its judgment. I, therefore, dissent.