James E. STORM, Appellant (Defendant below),

v.

DeLores STORM, Appellee (Plaintiff below).

No. 3971.

Supreme Court of Wyoming.

Nov. 3, 1971.

William D. Norman, Gillette, for appellant.

Cecil K. Hughes, of Reynolds & Hughes, Sundance, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

PER CURIAM.

The controversy between the parties in this case was first before us in Storm v. Storm, Wyo., 470 P.2d 367. Since our

opinion in that case, citations for contempt have been brought in the district court and a number of orders have been made, including an order for the arrest and incarceration of the husband until certain compliances are forthcoming.

On April 7, 1971, an order for stay of execution and for lien was issued by this court, reciting as follows:

"The record on appeal in this case indicates appellant, James E. Storm, has given notices of appeal and is appealing from the following orders, or portions thereof, of the District Court in and for Crook County:

1. That portion of an order dated December 9, 1970 and entered December 10, 1970, which is specified in appellant's notice of appeal filed December 24, 1970.

2. That portion of an order dated December 14, 1970 and entered December 15, 1970, which is specified in appellant's notice of appeal filed December 24, 1970.

3. The entirety of the order dated and entered December 16, 1970, as specified in appellant's notice of appeal filed December 24, 1970.

4. The entirety of the order dated January 4, 1971 and entered January 8, 1971, as specified in appellant's notice of appeal filed January 19, 1971.

5. The order dated and entered January 12, 1971, as specified in appellant's notice of appeal filed January 19, 1971.

"The court being duly advised in the premises finds there should be a stay of execution in connection with the aforesaid orders, or portions thereof, until appellants' appeal has been disposed of.

"WHEREFORE, IT IS ORDERED that execution and all actions on or in connection with the aforesaid orders, or portions thereof, be stayed pending appeal.

"Provided, however, AND IT IS HEREBY ORDERED, that all sums owing from appellant to appellee under previous orders of the district court, as modified or altered by directions of this court, shall constitute a lien against all real estate of appellant, James E. Storm, in Crook County, Wyoming.

"In order that notice of such lien may be given and made effective, IT IS ORDERED that a copy of this order be filed in the office of the County Clerk of Crook County, Wyoming. Also, said lien may be discharged only by written release of the appellee, or an order of the District Court in and for Crook County, Wyoming, when sums owing from appellant to appellee have been paid."

Thereafter, the case came on for oral argument on September 15, 1971, at which time counsel for appellant indicated circumstances had changed during pendency of the appeal so that appellant could, if permitted to do so, purge himself of all contempts by making payment of all sums due. Upon the strength of this representation, the following order was entered by this court:

"The appeal in this cause having come on for argument and appellant's counsel having indicated that circumstances have changed so that appellant can, if permitted, purge himself of the contempts by payment;

"NOW, THEREFORE, IT IS ORDERED that the appellant be purged of contempt if, within 30 days hereof, he shall: (1) pay the $30,000 property settlement heretofore ordered by this court; (2) make current all alimony and support money heretofore decreed; (3) pay to appellee for counsel fees the sum of $1,500 to cover the balance of all attorney's fees to date; and (4) pay all accrued costs in both the District Court and the Supreme Court, as determined by the respective clerks.

"IT IS FURTHER ORDERED that this appeal be held in abeyance until October 15 and that if appellant shall not have complied at that time that the cause be resolved upon the briefs heretofore submitted.

"Upon compliance by the appellant with the requirements of this order, nothing herein shall be construed as foreclosing the right of appellant to be heard by the District Court on any application for modification of alimony payments based upon a change of circumstances since the original decree."

The time allowed, in the foregoing order, for appellant to purge himself of all contempts has now passed; and the court is advised, without contradiction on the part of appellant, that no attempt has been made by appellant to comply with the terms of such order.

Whereupon, the court has diligently reviewed the record before it and considered arguments of counsel which were made September 15, 1971. We fail to find any merit in the contentions on behalf of appellant, and are of the opinion all orders and judgments of the district court which are appealed from in this appeal should be affirmed.

Upon receipt of our mandate in this case, the district court should cause the $4,000 supersedeas bond, required by it, to be cashed and applied according to its terms.

Affirmed.