Dorothy M. GROSZ, Appellant
(Plaintiff below),

v.

William John GROSZ, Appellee
(Defendant below).

William John GROSZ, Appellant
(Defendant below),

v.

Dorothy M. GROSZ, Appellee
(Plaintiff below).

Nos. 4137, 4138.

Supreme Court of Wyoming.

Feb. 13, 1973.

Robert A. Burgess, of Winter & Burgess, Casper, for Dorothy M. Grosz.

J. E. Vlastos, of Cardine & Vlastos, Casper, for William John Grosz.

Before PARKER, C. J., and McEWAN, GUTHRIE and McINTYRE, JJ.

McINTYRE, Justice.

Dorothy M. Grosz obtained a decree of divorce in district court from her husband, William John Grosz. The decree awarded the mother custody of the parties' four minor children; and the father was ordered to pay $75 per month per child for their support. Property of the parties was devided, approximately half to the wife and half to the husband—or at least it appears that was the aim of the court in making a disposition of the property.

The wife has appealed claiming the award of $75 per month per child is unreasonable, inadequate, and an abuse of judicial discretion. The husband has appealed from that portion of the court's decision which set aside a settlement agreement executed by the parties and from the property distribution made by the court.

We certainly must agree that $75 per month is not enough in present times for the support of a child. However, we must consider certain factors which the wife seems to ignore. One consideration is that both parents have a responsibility for the support of children. In saying this, we are not overlooking the argument that a mother needs to be home with minor children and cannot always go out and work.

Perhaps, with this thought in mind, the father should be the one required to provide the necessary money for proper support of the children. But we must remember, when a greater share of this responsibility is assigned to the father and a lesser share to the wife, then the property distribution may need to be adjusted accordingly. That would be especially true in a case like the one here involved, where the principal property asset is a business which the husband depends on for his earnings.

Another consideration which must not be overlooked in reviewing the allowance for support is that the decree gives an award to the wife of $45,562.20 to be paid by the husband at the rate of $450 per month. Interest is provided for at the rate of 5% per annum. Thus, the wife has some income from the interest. We mention this factor only as a consideration—for what it is worth—without suggesting that it is sufficient in and of itself to justify the district court's failure to allow more support money.

Regarding the settlement agreement which the husband and wife had executed, the trial court found it had been executed when the parties, or at least the wife, were trying to re-establish their marriage and not at a time of separation; that it had been signed by the wife in an attempt to save the marriage and there was an element of coercion under all the circumstances by reason of which the wife's mind was not free; that the agreement was against public policy; and that it was unfair and made without the full disclosure required by a husband and wife in such matters.

The court specifically found that the effect of the agreement was to give the wife and mother much less than half of the property accumulated during the marriage, and it was doubtful that the agreement would have been drawn as it was if a full disclosure of the worth of the parties had been made. It is of interest to note that the agreement, as first drawn, recited that each of the parties was fully and completely informed of the financial status of the other. Before signing, however, this language was stricken and the striking was initialed by each of the parties.

The trial judge found the business owned by the parties (Prairie Publishing Company) to be worth $125,000. The following portion of the judge's memorandum opinion shows on its face that his property distribution was as fair and equitable as one could be:

"I have decided to adopt a figure of $125,000 as a reasonable one for purposes of the division and add thereto the

**48**

debenture of $25,000 to make a total business figure of $150,000.

"The property for division will therefore be as follows:

1. The home, $50,000
2. The furniture, $5,000
3. Plymouth Station Wagon, $3,875
4. The cash, $10,074.84
5. The business, $150,000

Total—$218,949.84. One half thereof is $109,474.92

"The following will be awarded to the wife:

1. The home at $50,000
2. The furniture at $5,000
3. Plymouth Station Wagon at $3,875
4. One half of the cash, $5,037.42
5. $45,562.50, total of which is to bear interest at 5% per annum and to be paid to her at the rate of $450 per month, with the privilege of larger payments by the husband until paid. Each payment will be applied first to the payment of accumulated interest and then to the reduction of principal."

The husband has no grounds for complaint as far as the fairness of the property settlement is concerned. Instead of challenging the settlement on that basis, he argues the agreement negotiated and executed by the parties was valid and binding; and the trial court erred in setting it aside. Authority is cited for the proposition that property settlement agreements between a husband and wife are favored by courts and are not contrary to public policy.

We have no occasion to quarrel with the general propositions advanced by counsel for the husband. On the other hand, we think it unnecessary for us to review the evidence relied on by the trial court in holding that there was an element of coercion connected with execution of the agreement and a failure on the part of the husband to make a fair disclosure pertaining to the worth of Prairie Publishing Company.

■ With respect to the action of the court in setting the settlement agreement aside, it is sufficient for us to point out that the husband has not shown he was materially prejudiced. The applicable rule is that prejudice is never presumed; and the burden is on the appealing litigant to establish prejudicial error. Robertson v. State Highway Commission, Wyo., 450 P. 2d 1003, 1005.

■ If we reverted to the settlement agreement entered into between the parties, we would still have to look after the welfare and interest of the minor children. They were not represented in connection with the settlement agreement and they were not parties thereto. Courts have a duty to disregard, if necessary, agreements entered into by parents and to make provision for the proper support and care of minor children according to their best interests.[1]

It seems to us the principal difference between the settlement made by the trial court and. the settlement previously made by the parties is that the court provided for the husband to pay the wife a fixed sum of $45,562.50 at the rate of $450 per month, with interest on unpaid balances. It then ordered the husband to pay $75 per month per child for support, until the respective children reached the age of 21 years or became emancipated.

The agreement provided nothing for the wife out of the business. It stipulated that payments of $700 per month were to be made by the husband to the wife, which would be "deemed to be child support and alimony." As each child became 21 years of age or was emancipated, the monthly

1. Metcalf v. C.I.R., 1 Cir., 271 F.2d 288, 292, aff'd 343 F.2d 66, 67–68; Bachman v. Mejias, 1 N.Y.2d 575, 154 N.Y.S.2d 903, 136 N.E.2d 866, 869; Miner v. Miner, 10 Wis.2d 438, 103 N.W.2d 4, 7; Blackshear v. Blackshear, 52 Hawaii 480, 478 P.2d 852, 854; Phillips v. Phillips, 93 Idaho 384, 462 P.2d 49, 52; Tyler v. Tyler, 203 Kan. 565, 455 P.2d 538, 544–545; Gessell v. Jones, 149 Mont. 418, 427 P.2d 295, 296.

payments would be reduced by one-fourth. Thus, in time the wife would be left with no alimony and without having received any share in the business. In the meantime it would be unclear what was alimony and what was for the support of children.

In his oral argument, counsel for the husband stated, according to his figures, the husband would actually pay a little more under the settlement agreement than he would under the court's decree. His concern however, according to the argument, is that Grosz might lose control of the business.

In that regard, we find the arrangement by the trial court entirely just and equitable. Concerning the $45,562.50 which is to be paid in installments, the court specified this in its memorandum opinion:

> "This sum will be secured by defendant's stock in Prairie Publishing Company, under such an arrangement as may be agreed to between parties and counsel and which will make the wife secure, but permit the husband to exercise all rights of ownership other than the pledging or the transfer of the stock until such time as Mrs. Grosz has been fully paid. If the parties are unable to agree, then the Court will decide how the stock will be handled."

A similar arrangement to secure payments was made in Storm v. Storm, Wyo., 489 P.2d 1167, 1168. Regardless of whether Grosz was making payments according to the settlement agreement or according to the court's decree, his control of the business is not jeopardized. Only if he wanted to escape some of his responsibility could it matter.

▮ It is well recognized in this jurisdiction that trial courts exercise a dis-cretion in making divorce settlements; and the decision of such courts will not be disturbed except upon clear grounds.[2] Generally speaking, a settlement needs to be judged on an overall basis and not necessarily on the basis of separate parts. Piper v. Piper, Wyo., 487 P.2d 1062, 1065.

In the case before us, we give recognition to the fact that $75 per month is not sufficient for the support of a child if the parents are capable of providing more. We also recognize that the responsibility for support is with both parents. As we see it, if the father in this case were required to pay more for support, then it would be just and equitable for his share in the business to be more than half.

On the other hand, if the wife was left with no share in the business, then the husband should be required to pay more for the support of the children—and that regardless of any agreement between the parents. As we have previously indicated, the decree rendered by the trial court in this case is on the whole as fair and equitable to both parents as we can imagine one being.

Neither appellant has been prejudiced to such an extent as to require a reversal.

Affirmed.

Mr. Justice GUTHRIE (concurring).

In addition to the fact that Grosz, as appellant in case 4138, demonstrates no material prejudice, the court's action in setting aside the settlement agreement upon findings based on conflicting evidence of coercion, lack of freedom of mind, and that it was unfair and without full disclosure having been made, must be sustained. See cases collected in 1 Wyoming Digest, Appeal and Error, p. 402, et seq., and 1972 Cum.Supp., under ☞1011.

2. See Piper v. Piper, Wyo., 487 P.2d 1062, 1063; and Young v. Young, Wyo., 472 P.2d 784, 785.