**Bessie Anna BARNEY, Appellant (Defendant),**

v.

**Maurice R. BARNEY, Appellee (Plaintiff).**

**No. 84–103.**

Supreme Court of Wyoming.

Sept. 9, 1985.

Carol H. Gonnella, Jackson, for appellant.

Larry L. Jorgenson, Wheatland, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

CARDINE, Justice.

This is an appeal from the portion of a divorce decree awarding property. We affirm.

Appellant presents the following issues for review:

"1. Did the District Court err in not finding that Appellant purchased the ranch property with her sole and separate funds and, if so, was Appellant seriously prejudiced by that error?

"2. Was the property division, as decreed by the District Court, fair and equitable, or did the Court act arbitrarily and thereby abuse its discretion in the disposition of the property of the parties?

"3. Did the District Court err in ordering that the social security awarded to the parties is not a vested property right and thus not a material asset subject to division by the Court?

"4. Does the characterization of Social Security benefits as a marital asset and the division thereof by the Court in an action for divorce violate the Supremacy Clause of the United States Constitution?"

Appellee Maurice Barney commenced this action for divorce on October 14, 1982. Appellant, Bessie Anna Barney, answered and counterclaimed seeking the divorce. A decree of divorce was awarded to appellant.

The parties were married more than forty-three years and have three children who are emancipated. The major assets acquired by the parties during the marriage are an 85.29 acre ranch near Wilson, Wyoming, three lots, and one house located in Jackson, Wyoming. The ranch was ac-

quired in 1957; in 1959 it was paid for with the proceeds of land which appellant sold to the National Park Service. This land was given to appellant as a gift from her mother. Both Bessie and Maurice lived and worked on the ranch contributing to the ranch operation. Appellee sometimes had other jobs. Some years he worked only on the ranch. At the time of the separation, appellee moved into the town of Jackson, living in the house owned by the parties which had previously been rented. Appellee's stepmother died in February 1983 leaving one-half of her estate of approximately forty thousand dollars to appellee. The total assets of the parties equalled approximately one million dollars. Title to both the town house and the ranch were originally taken in both names at the time of acquisition. There have been no transfers of interest.

In the divorce decree appellant was given 55.91 acres of the ranch property which included the ranch home and other buildings. She was also given an equal portion of the inheritance received by appellant from his stepmother's estate as well as various ranching and farming equipment, livestock and hay and three trucks. Appellee received 29.31 acres of the ranch property as well as an easement allowing access to this land, the three lots in Jackson with the house, the other half of his inheritance and various equipment. Certain other property was divided by stipulation and is not at issue. The court also determined that the social security benefits of the parties which are received on a monthly basis were not marital assets and, therefore, each party was entitled to its own social security check. Appellant receives $171 per month in social security benefits; appellee receives $280 per month.

Appellee states that appellant received from the divorce property valued at $482,-704, and he received property valued at $452,123. These amounts do not include social security or the value of various personal property. Appellant disputes approximately $16,000 of this amount. Even so, appellant concedes that she received approximately $14,000 more than appellee.

A trial court is vested with a very large discretion in dividing marital property in a divorce. *Paul v. Paul*, Wyo., 616 P.2d 707 (1980). We have previously stated that:

> " 'As an appellate court, we consider that our power to disturb a property settlement fixed by a trial judge is limited indeed. There must be a clear abuse of discretion before we will upset or adjust such a settlement. We consider "abuse of discretion," to be such abuse as shocks the conscience of the court. It must appear so unfair and inequitable that reasonable persons could not abide it.' " *Grosskopf v. Grosskopf*, Wyo., 677 P.2d 814, 820 (1984) (quoting from *Paul v. Paul*, supra). See also, *Kane v. Kane*, Wyo., 577 P.2d 172 (1978).

Our function is not to reconsider or retry the district court's decision unless the exercise of discretion results in a clearly unjust and inequitable determination. *Kane v. Kane*, supra. The result reached by the trial court will not be disturbed except on clear grounds in extreme cases. *Reilly v. Reilly*, Wyo., 671 P.2d 330 (1983). We refuse to readjudicate property divisions when they are just and equitable. *Cross v. Cross*, Wyo., 586 P.2d 547 (1978).

The first three issues raised by appellant focus upon the property division and can be discussed together. The forth issue need not be resolved at this time because we do not find error in the trial court's decision. The statutory requirements to be considered in dividing marital property are contained in § 20-2-114, W.S.1977, Cum. Supp.1984, and state:

> "In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the

other's ability and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party."

■ Appellant questions the portion of the judgment and decree which states

"[t]hat the real property of the parties is owned equally by each of them and is to be divided in the following manner."

Appellant claims that the evidence regarding the purchase of the property was undisputed and that the court's failure to find that she had purchased the ranch property with her sole and separate funds was prejudicial. Appellee contends that when title to real property is taken in the names of both spouses, even though the consideration was furnished by only one, there is a rebuttable presumption that a gift is intended of one-half interest. *Tyler v. Tyler*, Wyo., 624 P.2d 784 (1981). Property may be awarded to one spouse even though it was the separate property of the other. *Craver v. Craver*, Wyo., 601 P.2d 999 (1979). A just and equitable division of property in a divorce case may consider a spouse's separate property. *Karns v. Karns*, Wyo., 511 P.2d 955 (1973).

In *Winterholler v. Winterholler*, Wyo., 486 P.2d 232 (1971), the appellant argued that most of the acquired property was received through her parents by purchase or gift. We stated that:

"The trial court was well aware of the derivation of the various properties, and our examination of the record indicates that the court gave adequate consideration to this factor and did not abuse its discretion in that regard." 486 P.2d at 234.

■ In the present case the record indicates that the trial court was presented with extensive evidence concerning the source and acquisition of the real property. We assume that this evidence was considered by the court in its final decision, *Skinner v. Skinner*, Wyo., 601 P.2d 543 (1979). The division of property was almost equal. The parties had lived and

saved and worked together approximately forty-three years. The division of property appears fair and equitable. The trial court, therefore, did not abuse its discretion in dividing the marital assets even though the property could have been divided in different ways.

## SOCIAL SECURITY

■ Appellant contends that the district court's determination that social security benefits were not a marital asset subject to division was error. A part of the judgment stated:

"The social security of the parties awarded to them on a monthly basis is not a vested property right and thus is not a marital asset and each party shall retain as his or her sole property monies from social security, whether past or future receipts."

The marital assets of this marriage consisted of almost one million dollars; each party was awarded approximately one-half of the property, or property valued at about one-half million dollars. Appellee receives $280 per month and appellant receives $171 per month in social security benefits. The division of property was fair and equitable under all the circumstances when considering the situation of the respective parties. That is all that is required under our statute, § 20-2-114, W.S.1977, supra. We will not find error when the result would remain the same. See *Lonabaugh v. Lonabaugh*, 46 Wyo. 23, 22 P.2d 199 (1933). An error must be prejudicial in order to constitute grounds for reversal, *Heyl v. Heyl*, Wyo., 518 P.2d 28 (1974); prejudice is never presumed. *Grosz v. Grosz*, Wyo., 506 P.2d 46 (1973). Property awards must be viewed in their entirety and not considered on the basis of each item. *Grosz v. Grosz*, supra. Whether it was error to fail to classify social security benefits as marital property is a question we need not decide for there was no prejudice in the total division of property.

■ Appellant alleges that the statutory factors regarding property division were

not properly considered. She contends that the court did not consider the respective merits of the parties, the condition in which they would be left by the divorce, nor the party through whom the property was acquired. Findings of fact were not requested under Rule 52(a), W.R.C.P. A failure of a court to mention the specific factors does not mean that they were not considered. *Heyl v. Heyl*, supra. In the absence of special findings of fact, this court considers that the judgment of the trial court carries with it every finding of fact necessary to support the judgment and decree. *Skinner v. Skinner*, supra. It is not a function of this court to divide property in the first instance. *Beckle v. Beckle*, Wyo., 452 P.2d 205 (1969). There are no specific guide-lines as to how much weight is given to each of the factors. *Piper v. Piper*, Wyo., 487 P.2d 1062 (1971). We find no support in the record for determining that the trial court did not consider the necessary statutory factors in determining the division of marital property.

Looking at the entire record, we are unable to say that the trial court abused its discretion in this property settlement. The decision below is, therefore, affirmed.