**ANGELA VIERA DE PINTO, Plaintiff**

**v.**

**ARTURO PINTO, Defendant**

Civil No. 168-1965

District Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, Virgin Islands, *for plaintiff*

JAMES, HODGE & TONKIN and WILLIAM FRED SANTIAGO, Christiansted, St. Croix, Virgin Islands, *for defendant*

MARIS, *Circuit Judge*

OPINION

The parties to this action, Angela Viera de Pinto, the plaintiff, and Arturo Pinto, the defendant, were married on September 3, 1955. They have three minor children, Rosa Margarita Pinto, Arturo Pinto and Angela Nora Pinto. Following their marriage the parties appear to have lived in Puerto Rico until August, 1965, when the plaintiff removed to St. Croix in the Virgin Islands where she has since resided with their three minor children and Arcilio Pinto, a minor child of the defendant whom the plaintiff has cared for since he was two years old.

On November 22, 1965 the plaintiff brought this suit in this court against the defendant for absolute divorce. The defendant was served extraterritorially in Puerto Rico and subsequently appeared in this court by counsel and filed a motion to dismiss. The motion was based upon the fact that the Superior Court of Puerto Rico at the suit of the defendant against the plaintiff had held a hearing on March 11, 1966 and had on that day entered a decree granting the defendant a divorce a vinculo. Arturo Pinto v. Angela Viera, Superior Court of Puerto Rico, Bayamon Part, Civil Case No. 65-2936. The decree also purported to grant the defendant patria potestas over the custody of the minor children and ordered him to pay $200 per month for their support while they remained in the custody of the plaintiff. At the time of the hearing in the Superior Court of Puerto Rico the plaintiff and the children were residing in St. Croix and the plaintiff did not appear or answer in that suit.

Thereafter the defendant appeared by counsel in this court and filed a pleading denominated a "Motion to Dismiss" but which was in effect an answer to the complaint admitting certain of its allegations, including the plaintiff's domicil in the Virgin Islands, denying others and setting up the decree of divorce entered by the Superior Court

181

of Puerto Rico as a bar to this suit. Subsequently the plaintiff filed an amended complaint in this court conceding the entry of the decree of divorce by the Superior Court of Puerto Rico, asserting that she was a fit and proper person to have custody of the minor children, averring that the defendant was not capable of properly caring for them and praying that she be awarded the permanent custody of the children, a sum of money for alimony, an increase in the amount for support of the children and an equitable division of the marital property. Thereafter the defendant filed motions in this court the general effect of which were to ask this court to enforce the alleged bar of the Puerto Rico decree to the prosecution by the plaintiff of the prayers of her amended complaint. I conclude, for the reasons which will be stated, that the Puerto Rico decree does not bar the plaintiff from seeking in this court the relief for which she asks in her amended complaint.

The questions at issue are in the field of the conflict of laws. The rules applicable in this field in the Virgin Islands are to be found in the Restatements of the Law approved by the American Law Institute, I V.I.C. § 4. The first of these rules to be considered is that it is to the conflict of laws rules of the forum, in this case the Virgin Islands, that we must look for the solution of the questions presented. Restatement, Conflict of Laws, 1934 ed., § 7; see also Restatement 2d, Conflict of Laws, Proposed Official Draft, Part I, § 6.

■ ■ Under the rules of conflict of laws it is only the court of a state in which the child is domiciled or in which the child is actually present or in which both parents are actually present, which is empowered to determine the custody of the child as between the parents. Restatement, Conflict of Laws, 1934 ed., § 146; see also Restatement 2d, Conflict of Laws, Proposed Official Draft, Part I, § 79; May v. Anderson, 1953, 345 U.S. 528. And even in such a

case if the custody decree is subject to later modification because of changed conditions in the state of rendition it may be subsequently modified in the light of changed conditions by the court of another state which has acquired jurisdiction over the child. New York ex rel. Halvey v. Halvey, 1947, 330 U.S. 610.

 Neither the minor children here involved nor their mother, the plaintiff, were actually in Puerto Rico when the Superior Court of that commonwealth held its hearing on March 11, 1966 and entered its decree. Therefore, in order to compel recognition by this court of the decree of the Superior Court of Puerto Rico as a decree based upon valid jurisdiction, it must appear that the children were, nonetheless, still domiciled in Puerto Rico at that time. The defendant argues that this was so because their domicil remained that of their father even though their parents had separated and they were then actually living with their mother in the Virgin Islands. This contention cannot be sustained. For in determining domicil the forum does so according to its own standards. Restatement, Conflict of Laws, 1934 ed., § 10; see also Restatement 2d, Conflict of Laws, Proposed Official Draft, Part I, § 13. Whether the law of Puerto Rico is as the defendant says it is we need not consider, however, since the modern law, which is in force in the Virgin Islands, is that a minor child has the same domicil as the parent with whom he lives. Restatement, Conflict of Laws, 1934 ed., § 32; see also Restatement 2d, Conflict of Laws, Proposed Official Draft, Part I, § 22(1). Here the plaintiff is domiciled in the Virgin Islands and her minor children who live with her are likewise domiciled here and were so domiciled at the time of the hearing in the Superior Court of Puerto Rico. Accordingly this court has full power to hear the plaintiff's prayer for the custody of her minor children and to determine their custody according to their best interests

183

and without regard to the award of custody made by the Puerto Rico court or to whether circumstances have changed since that court entered its decree.

■ ■ The question whether this court may entertain the prayers of the amended complaint for alimony, increased support for the children, and a division of the marital property requires but little discussion. For these are all claims in personam with which the Superior Court did not have the power to deal since it lacked personal jurisdiction over the present plaintiff. Restatement, Conflict of Laws, 1934 ed., §§ 77, 116, 457; see also Restatement 2d, Conflict of Laws, Proposed Official Draft, Part I, §§ 27, 77; Vanderbilt v. Vanderbilt, 1957, 354 U.S. 416. The defendant has appeared by counsel in the suit in this court in defense to the amended complaint, however, and has thus subjected himself to the jurisdiction of this court to hear and determine the money and property claims made by the plaintiff against him.

The motions filed by the defendant will accordingly be denied and the case will be set down for hearing and determination upon the merits of the claims for relief asserted in the plaintiff's amended complaint.

It will be so ordered.