**Elizabeth Z. BERGEN**

v.

**James M. BERGEN, Appellant.**

**No. 19349.**

United States Court of Appeals, Third Circuit.

Argued Dec. 18, 1970.

Decided March 5, 1971.

Rehearing Denied April 7, 1971.

John A. Stichter, Donovan, Leisure, Newton & Irvine, New York City, for appellant.

John D. Marsh, Marsh & Nichols, King's Alley, Christiansted, St. Croix, V. I., for appellee.

Before HASTIE, Chief Judge, and FREEDMAN and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

This is an unfortunate case arising out of a conflict between parents over the custody of their six-year-old daughter. They have invoked the jurisdiction of separate courts, and the present outcome of their strife is an order adjudging the father in contempt of the District Court of the Virgin Islands.

On March 14, 1968, the plaintiff, who was a bona fide resident and domiciliary of the Virgin Islands, obtained a divorce in the District Court of the Virgin Islands from the defendant, a resident of the State of New York, who was represented in the action by counsel who entered a formal appearance and filed an answer on his behalf. At the time of the divorce decree their child was residing with her mother and accordingly was also domiciled in the Virgin Islands. The divorce decree awarded custody of the child to the mother with the right of reasonable visitations to the father "in accordance with the terms and provisions" of a property settlement and separation agreement of the parties.[1]

---

1. The decree provides:

"The Court having examined the agreement, Plaintiff's Exhibit I, and having found no reason therein to dis-

approve the same, it is further ORDERED AND ADJUDGED that custody of the minor child * * * be awarded to plaintiff, with rights of reasonable

Under the agreement incorporated in the divorce decree, the child on a number of occasions visited with her father in New York City. Her latest visit to him began on July 18, 1970. A few days before she was to be returned to her mother in the Virgin Islands, the father instituted a proceeding in the Supreme Court of the State of New York, in the County of New York, where the child was then with him, for an award of her permanent custody. He alleged that he could not seek relief in the District Court of the Virgin Islands because it was not then in session, and that he should be awarded custody of her because the mother had not given her good care since the divorce and had continued in a relationship with another man which was harmful to the child. On this application the New York court, on September 3, 1970, four days before the father was to have returned the child to her mother, entered an ex parte order directing the mother to show cause why custody of the child should not be awarded to the father and enjoined her pending the hearing from removing the child from the court's jurisdiction.

Promptly after being served with a copy of this order in the Virgin Islands the mother filed a petition in the divorce action to have the father adjudged in contempt for failing to return the child and for an order restraining him from proceeding with his action in New York. She alleged that the father had violated the decree of the District Court of the

Virgin Islands by his failure to return the child, that his statement that he could not seek relief in that court was false and that the New York court lacked jurisdiction to disturb the decree because both the mother and the child were domiciled in the Virgin Islands. On this petition the District Court of the Virgin Islands entered two ex parte orders. One, designated a temporary restraining order, commanded the father to discontinue the prosecution of his action in New York and enjoined him from prosecuting it pending a hearing on the petition, which the court fixed. The other ordered him to appear on a fixed day to show cause why he should not be adjudged in contempt.

On September 28, 1970, a hearing was held in the Virgin Islands on the mother's petition, at which the District Court heard testimony on the contempt issue after the father's counsel withdrew when the court refused to permit him to enter a special appearance. On October 2, 1970, the District Court entered the order which is the subject of this appeal, adjudging the father guilty of willful contempt for failing to return the child to the mother, directing him to return the child to the mother within ten days and providing that if he failed to do so he should pay $1,500 to the Clerk of the Court and be subject to further punishment for his continuing contempt. By orders of the District Court and of this Court the judgment of contempt and the order requiring the return of the child

visitation being granted to defendant in accordance with the terms and provisions of the said agreement; and that defendant pay the sums provided in the agreement for the support of the minor child and as alimony for plaintiff."

The property settlement and separation agreement, dated March 7, 1968, provided:

"3. *Custody of Child.* Wife shall have custody and control of the minor child, subject to reasonable rights of visitation reserved to Husband. In the event Husband and Wife live in different areas, Husband shall either travel to the area where the child is residing, or he shall advance the travel expenses for visitation of the child to the area

where Husband resides or wherever he may wish to take her for his visitation with her. 'Reasonable rights of visitation' shall be construed as an obligation as well as a right whereby Husband shall have the custody of the child during a portion of the Christmas, Easter and summer school recesses but not to exceed one-half of the periods thereof. With regard to the Christmas and Easter recess the parties may agree to having the child alternately each year for the entire period of the recess that year. In the event the Wife shall die during the minority of the child, the care, custody and control of the child shall revert to the Husband."

to the mother, both contained in the order of October 2, 1970, were stayed pending the decision of this appeal. Apparently the New York court held the case before it in abeyance pending the decision in the Virgin Islands contempt proceeding.

■ Title 16, § 109 of the Virgin Islands Code vests in the District Court the power in granting a divorce to decree also who shall have custody of the minor children of the marriage.[2] When the District Court entered the divorce decree dissolving the marriage of these parties, the wife and the minor child were domiciled in the Virgin Islands and the father submitted to the jurisdiction of the court. He therefore was bound by the decree.[3] The District Court thereafter retained continuing jurisdiction to enforce the custody provision.[4] The Restatement of Conflict of Laws (Second), which is authoritative in the Virgin Islands,[5] succinctly expresses the principle in § 26:

"If a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action. Reasonable notice and reasonable opportunity to be heard must be given the party at each new step in the proceeding."

Moreover, since the custody of the child had been awarded to the mother with whom she had been living in the Virgin Islands, her domicil is there.[6] For this reason, too, the Virgin Islands, as the place of the child's domicil, has undoubted jurisdiction over her custody.[7] Since the welfare of the child is the chief consideration in questions of custody, the Virgin Islands has a paramount interest in the subject. This interest was not altered by the father's temporary custody of the child during her visits to him,[8] which did not change the domicil of the child from the Virgin Islands to New York.[9]

The fact that the Virgin Islands District Court had jurisdiction and authority to act is not, however, the end of the problem. For the further question arises whether it should have exerted its undoubted jurisdiction after the father, domiciled in New York where the child

---

2. "Whenever a marriage is declared void or dissolved the court may further decree—
 "(1) for the future care and custody of the minor children of the marriage as it may deem just and proper having due regard to the age and sex of such children, unless otherwise manifestly improper giving the preference to the party not in fault. * * * "

3. See Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451 (1948); Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948); Perrin v. Perrin, 408 F.2d 107, 7 V.I. 21 (3 Cir. 1969).

4. See, e. g., Kohler v. Kohler, 326 Ill.App. 105, 61 N.E.2d 687 (1945); Crawford v. Crawford, 19 Misc.2d 633, 187 N.Y.S. 2d 105 (1959); Clark, Law of Domestic Relations, § 11.5, pp. 322–23 (1968).

5. "The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply,

in the absence of local laws to the contrary." 1 V.I.Code § 4. See Lecointe v. Schyunberg, 407 F.2d 59, 7 V.I. 4 (3 Cir. 1969); Skeoch v. Ottley, 377 F.2d 804, 810, 6 V.I. 241, 252 (3 Cir. 1967); DePinto v. Pinto, 6 V.I. 179, 182 (D.C.V.I.1967), Maris, J.

6. Restatement of Conflict of Laws (Second), § 22, Comment d.

7. Restatement of Conflict of Laws (Second), § 79(a); see also Stumberg, Conflict of Laws 324–29 (2d ed. 1951); Goodrich, Conflict of Laws, § 136 (Scoles, 4th ed. 1964); Sampsell v. Superior Court, 32 Cal.2d 763, 197 P.2d 739 (1948); Leach v. Leach, 184 Kan. 335, 336 P.2d 425 (1959); Willmore v. Willmore, 273 Minn. 537, 143 N.W.2d 630 (1966), cert. denied 385 U.S. 898, 87 S.Ct. 202, 17 L.Ed.2d 130 (1967).

8. See Goodrich, Conflict of Laws, § 40 (Scoles, 4th ed. 1964).

9. The domicil of a child whose parents are separated or divorced is that of the parent to whom custody of the child has been legally given. Restatement of Conflict of Laws (Second), § 22, Comment d.

was then physically present, had invoked the jurisdiction of the New York court. This leads to a consideration of the jurisdiction of the New York court.

Almost half a century ago Cardozo, J., in Finlay v. Finlay, 240 N.Y. 429, 148 N.E. 624 (1925), expressed the now accepted principle that the state in which a minor child happens to be physically present has jurisdiction to make an award of its custody because it has authority as parens patriae to provide for the general welfare of any child who is within its borders.[10] In this case the child was present in the State of New York and the New York court therefore had jurisdiction to entertain the father's application for an award of custody. Indeed, the Virgin Islands custody decree itself was subject to modification in the Virgin Islands,[11] and therefore New York was required to give it no greater recognition,[12] even if the full faith and credit clause,[13] which is applicable to judgments of the Territory of the Virgin Islands,[14] were strictly applied. The full faith and credit clause, however, is not rigidly applied in custody cases even where it is given recognition, for a second court inevitably has before it events which have unfolded after the original decree.[15] The New York court, therefore, was called upon to act on an application which on its face at least was within its jurisdiction. Indeed, it is a jurisdiction which in similar cases is recognized in the Virgin Islands.[16] Since there is a concurrence of jurisdiction of the courts of the Virgin Islands and of New York, the question which should yield can only be decided on principles of comity.

The order of the District Court of the Virgin Islands, however, proceeds simply on the basis of its own authority and contains no evaluation of any competing considerations regarding the invocation of the jurisdiction of the New York court. The District Court simply adjudged the father in willful contempt because it had jurisdiction over him and it found that he had, without cause, willfully and contrary to its decree retained the child after the expiration of the period of reasonable visitation. It made no reference to the principle of comity nor did it evaluate the relative strength of the interests of the two competing jurisdictions. There are no findings that the application which the father made to the New York court was in bad faith or that it would constitute an unreasonable and unnecessary hardship on the mother. These significantly are matters which the mother alleged in her petition and which the District Court recited in the temporary restraining order.[17] Had they appeared in

---

10. See also Bachman v. Mejias, 1 N.Y.2d 575, 580–581, 154 N.Y.S.2d 903, 136 N.E.2d 866, 868–869 (1956); Restatement of Conflict of Laws (Second), § 79(b).

11. 16 V.I.Code § 110, provides:
 "At any time after a judgment is given the court, upon the motion of either party on notice, may set aside, alter or modify so much of the judgment as may provide * * * for the care and custody of the minor children, or the nurture and education thereof. * * * *"

12. New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947).

13. United States Constitution, Art. IV, § 1.

14. Act of March 27, 1804, 2 Stat. 298, c. 56, now 28 U.S.C. § 1738; Atchison, Topeka and Santa Fe Railway Company v. Sowers, 213 U.S. 55, 65–66, 29 S.Ct. 397, 53 L.Ed. 695 (1909).

15. See discussion in Clark, Law of Domestic Relations, § 11.5, pp. 323–326; see also May v. Anderson, 345 U.S. 528, 535–536, 73 S.Ct. 840, 97 L.Ed. 1221 (1953), Frankfurter, J., concurring; Bachman v. Mejias, 1 N.Y.2d 575, 580–581, 154 N.Y.S.2d 903, 136 N.E.2d 866, 868–869 (1956).

16. Restatement of Conflict of Laws (Second), § 79(b); DePinto v. Pinto, 6 V.I. 179, 183 (D.V.I.1967), Maris, J.

17. These recitals of the temporary restraining order are as follows:
 "AND it further appearing to the Court that the District Court of the Virgin Islands has jurisdiction of this cause and that the Supreme Court of the State of New York is lacking in

the findings of fact made by the District Court after the hearing on the petition there would have been a solid foundation for a decision to exert to the full its undoubted jurisdiction. But the recitals in the temporary restraining order cannot serve as findings of fact to support the adjudication of contempt, for in stating them in the temporary restraining order the court was making no findings of its own based on a consideration of evidence but was taking only preliminary ex parte action on the basis of the representations made to it pending a hearing. These recitals obviously do not have the quality of finality which could only be achieved by findings made after the hearing.

In a case such as this where competing jurisdictions are involved and principles of comity must govern the resolution of the conflict, a wise discretion must determine the ultimate judgment. This discretion can only be exercised after specific factual findings are stated which make evident the nature and motive of the application to the foreign court, its effect on the other party, and the continued interest which the original court has in the enforcement of its decree. An application for contempt, whether initiated by a pleading which the moving party designates as a motion or petition, is in effect a supplementary proceeding. It falls within the spirit of the requirement of Rule 52(a) of the Federal Rules of Civil Procedure. It presents issues for trial and the court therefore should specifically find not only the ultimate, but also the subordinate facts on which its conclusion rests. Indeed, it is only if specific findings of fact are made that it is possible for a reviewing court to ap-

ply the standard of Rule 52(a) requiring the acceptance of findings of fact unless they are shown to be clearly erroneous.[18]

 The District Court of the Virgin Islands had full authority to order the return of the child and to adjudicate the father in contempt for failing to do so. Its decision, however, lacks sufficient findings of fact to establish that it exercised its discretion after consideration of the elements of the case which called into operation the principles of comity. Indeed, one of the recitals in its temporary restraining order indicates that the court's conclusion may have resulted from an erroneous legal premise that the courts of New York lacked jurisdiction.

Because there are no findings which would justify the disregard of the father's invocation of the jurisdiction of the New York court as a matter of comity, the adjudication of contempt must be set aside.

Since the case must be remanded to the District Court, it is desirable to provide it with some general guidance. We are mindful, of course, that the variety of circumstances which cases of this kind present and the intangible and subtle human considerations which they involve make it impossible to lay down universally binding principles and that even general guides must always be subject to the emergence of fresh considerations as well as to qualitative differences.

 A few generalities, however, may be stated. It is plainly undesirable when competing jurisdictions come into collision that each court should exert its own jurisdiction to the fullest extent, regardless of the circumstances which have led the other jurisdiction to act.

such jurisdiction; and that to require the Plaintiff to contest the matter in the State of New York would constitute an undue, unreasonable and unnecessary hardship upon the Plaintiff;
"AND it further appearing from the Affidavit of the Defendant filed in the Supreme Court of the State of New York that his reason for bringing the action in the State of New York is because the District Court of the Virgin Islands is not presently in session and that he has no way of seeking relief there, which allegation is patently false."

18. See Marshall v. Central of Georgia Railroad Company, 268 F.2d 445 (5 Cir. 1959), cert. denied 361 U.S. 943, 80 S.Ct. 407, 4 L.Ed.2d 363 (1960); Jewel Tea Co. v. Kraus, 204 F.2d 549, 550 (7 Cir. 1953).

Such a course would disregard the role of comity and in our highly mobile society would lead to chaos and make innocent resort to courts of justice an act of punishable wrongdoing. Nevertheless, a parent with whom a child is visiting in another jurisdiction ordinarily should not be permitted, except in clearly compelling circumstances, to use the occasion to seek to divest the other parent of a judicially decreed right of custody. To permit this would place a premium on the abuse of the right of visitation and make it difficult for parties to agree on the free movement of the child from one parent to the other. Again, the invocation of the jurisdiction of another court should not be recognized if it is done to harass a parent who has already been awarded custody, or for some other collateral purpose to which custody is subordinated as a bargaining element, rather than in good faith to obtain an adjudication of the fundamental interests of the child and a consequent change in its custody. In such cases the original court may clearly enjoin a parent over whom it has jurisdiction from instituting or maintaining the foreign proceeding [19] and may later adjudge him in contempt for refusing to obey its decree.

These general examples do not, of course, exhaust the circumstances which an individual case may present. For although the reported cases already are so numerous that they furnish material for classification in discernible factual categories, the qualitative elements in a particular case may be the decisive factors.

■ Chief Judge Hastie and Judge Gibbons apply different considerations to the remainder of the District Court's order beyond the adjudication of contempt. Their majority view on this subject is stated in this and the following paragraph. In their view no problem of deference to the New York court is raised by the requirement that the husband return the child to its mother in St. Croix. This requirement, unlike the contempt order, regulates future conduct and does not penalize the husband for that which he has already done. It was conceded at the argument of this appeal that the New York court no longer has any jurisdiction over the child. In their view the jurisdiction of the District Court to order the child returned is clear and nothing appears to suggest any abuse of discretion. Therefore, this portion of the order will be affirmed.

■ They believe that since the present contempt order is to be vacated, the fine based upon it must also be vacated. In its present form the final provision of the order imposing a $1,500 fine is a penalty for past misconduct. They believe that instead of that penalizing fine, it would be entirely appropriate for the court, beyond ordering the father to return the child promptly, to specify that failure to do so within a specified short period will result in the imposition of a reasonable coercive sanction in the form of a money penalty for a civil contempt. They believe a fine, not to exceed $50.00 for each day of delay beyond the stated deadline for the return of the child, would not be excessive.

The writer of this opinion disagrees with the majority view expressed in the two preceding paragraphs. His view is stated in this paragraph. He believes the interrelated order requiring the father to return the child is, like the adjudication of contempt, one which the District Court had undoubted power to make. But as with the adjudication of contempt he believes it is not clearly shown whether it was rendered in the execution of that power alone or on a determination as a matter of comity that the New York proceeding should be disregarded because of the underlying circumstances in which it was brought. He believes it equally ungrounded in adequate findings of fact and that it may

19. See Injunction on Ground of Inconvenience against Prosecuting Action in a Particular State or District, 57 A.L.R. 77 (1928); 115 A.L.R. 237 (1938); Right to Enjoin an Action in another State in Respect of Matters Adjudicated in Local Action or Proceeding, 91 A.L.R. 570 (1934).

**1016**

not rest on inferences drawn from the recitals in the temporary restraining order and that it too, therefore, should be set aside.

The case will be remanded to the District Court for modification of its order of October 2, 1970, to conform with the holdings of the majority of the court as set out in this opinion. Neither party shall be awarded costs as against the other in this court.