**Application of Lynda T. REED for a Writ of Habeas Corpus.**

**Appeal of David PERLIN.**

**No. 18520.**

United States Court of Appeals, Third Circuit.

Argued Jan. 26, 1971.

Decided May 25, 1971.

As amended July 30, 1971.

Freedman, Circuit Judge, participated in hearing and consideration but died before decision.

---

Mario E. Bryan, St. Thomas, V. I. (Leonard Schaeffer, Pechner, Sacks, Cantor & Dorfman, Philadelphia, Pa., on the brief), for appellant.

Stanley J. Bartel, Paul, Landy, Beiley & Bartel, Miami, Fla., for appellee.

Before STALEY, FREEDMAN* and ADAMS, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

Lynda T. Reed and David Perlin, the parties to this action, were married in 1963 and divorced in 1966. They had one child, a son. In 1969 the question of their son's custody was being litigated in the courts of the State of New York. During these proceedings, Mr. Perlin had custody of the child. On June 5, 1969, the Family Court of the State of New York, Westchester County Division, entered an order permitting Mr. Perlin to take the child with him on a three-week vacation to Pittsburgh, Pennsylvania. Mr. Perlin never returned from that trip and subsequently established a residence in the Virgin Is-

lands where he and his son have remained. On July 17, 1969, the New York court adjudged him in contempt for having willfully engaged in conduct calculated to impair and impede the rights of Miss Reed.

On October 9, 1969, the New York court awarded custody of the child to Mr. Perlin but ordered the child returned to New York within forty-five days. The order stated that Mr. Perlin's failure to comply would result in temporary custody of the child to Miss Reed pending completion of further proceedings with respect to Mr. Perlin's flight from its jurisdiction.[1]

Miss Reed, on December 5, 1969, petitioned the District Court of the Virgin Islands for a writ of habeas corpus alleging that Mr. Perlin was illegally restraining the liberty of her child in defiance of the orders of the New York courts. A copy of the October 9, 1969, order was made part of that petition. The district court, after hearing testimony from the parties and arguments of counsel, ordered that the child be returned to the jurisdiction of the Family Court of the State of New York, Westchester County Division, for the continuing appropriate jurisdiction of that court in conformity with its prior orders and specifically its order dated October 9, 1969. This appeal followed.

Mr. Perlin had, on July 23, 1969, instituted an action in the Municipal Court of the Virgin Islands for the purpose of modifying the New York custody decree. He contends that jurisdiction of custody matters lies in the first instance with the municipal court and that the district court is given appellate jurisdiction of the judgments of the municipal court in such cases. He argues, therefore, that the district court should have transferred the matter of Miss Reed's

---

* Judge Freedman participated in the hearing and consideration of this appeal but died before decision.

1. At oral argument of this appeal, appellee's motion to supplement the record before this court was granted. The record

was supplemented to include a certified copy of an order of the Family Court of the State of New York, Westchester County Division, dated February 20, 1970. This order awarded custody of her son to Lynda T. Reed.

petition to the municipal court to be considered in conjunction with his earlier action to modify the New York decree.

Title 4 of the Virgin Islands Code, § 32, provides that the jurisdiction of the district court shall extend to "all other causes in the Virgin Islands, where exclusive jurisdiction is not conferred upon the Municipal Court * * * by section 23 of the Revised Organic Act." Exclusive jurisdiction of custody matters is not allocated to the municipal court by § 23.

■ We think it clear that the district court had jurisdiction to entertain the petition by Miss Reed. Appellant's reliance on Perrin v. Perrin, 408 F.2d 107 (C.A.3, 1969), is misplaced. We held in Perrin that the District Court of the Virgin Islands has jurisdiction to award custody of children of a marriage but only in cases where the court dissolves the marriage or declares it void. In the instant case, however, the district court did not award custody of the child. It merely ordered the child returned to the jurisdiction of the New York court to assist the proceedings then in progress there.

■ Appellant contends that the district court assumed jurisdiction of this matter only for the purpose of returning jurisdiction to New York and, in effect, gave full faith and credit to a New York custody decree. He argues that custody decrees are not entitled to full faith and credit and that the rights of the child are disregarded by such treatment. Appellant contends that the district court should have conducted a full hearing to determine whether, in the best interest of the child, he should be returned to New York. We agree that full faith and credit is not rigidly applied in custody cases, Bergen v. Bergen, 439 F.2d 1008 (C.A.3, 1971). We do not agree that the district court could have involved itself in the substantive custody proceedings. To do so, the district court necessarily would have had to ignore the appellant's contemptuous disregard for the New York proceedings.

In Bergen, supra, Judge Freedman set forth those principles of comity and equity that must be considered in a true conflict of jurisdictions situation. In that case, both the District Court of the Virgin Islands and the Supreme Court of New York had jurisdiction over the question of custody of a child; the Virgin Islands court by virtue of its original divorce decree and custody award, the New York court by virtue of the presence of the child in New York. The instant case, however, is not a situation involving a true conflict between courts of proper jurisdiction. The action filed by appellant in the Municipal Court of the Virgin Islands was commenced in the face of actual litigation in a court of competent jurisdiction. His actions were not, as in Bergen, an attempt to modify a prior foreign custody decree; they were an attempt to disrupt and hamper a pending and proceeding action in New York. He had appeared and had taken part in the custody litigation in New York but had left that state before the matter had been concluded. Even assuming a question of concurrence of jurisdiction of the courts of New York and the Virgin Islands, the relief sought and granted in the District Court was a proper recognition of the appropriateness of preserving the integrity of the New York proceedings.

The order of the district court granting that relief will be affirmed.