**VERNON JORGENSEN, Petitioner**

v.

**DUANNA MARIE JORGENSEN, Respondent**

No. 75-680

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 6, 1976

CHRISTIAN, *Chief Judge*

### MEMORANDUM OPINION

The unfortunate controversy before me arises out of a conflict between parents over the right to custody of their four-and-a-half-year-old daughter, Elisha Dawn Jorgensen. Father and mother are petitioner and respondent respectively in this habeas corpus proceeding. Petitioner alleges that Elisha is presently in the physical custody of respondent, contrary to the terms of a judgment of the Civil District Court for the Parish of Orleans, State of Louisiana, entered January 21, 1975.

The facts, briefly, as adduced at a hearing on this matter held November 3, 1975, are these. In 1974, the parties, then husband and wife, were living together in Louisiana. As a consequence of marital difficulties, respondent left the state in October, 1974, and moved to San Francisco, California. Respondent took the child with her, without the consent of petitioner. Indeed, respondent did not tell petitioner that she was leaving or where she was going. Petitioner learned that respondent was in California one month later. In November, 1974, respondent filed an action for separation in the Superior Court of Marin County, California.

Thereafter, in January, 1975, petitioner surreptitiously

spirited, moved Elisha away from her California home and took her back to Louisiana. He then filed a petition for separation on January 21, 1975 in the Civil District Court for the Parish of Orleans, Louisiana. On the same day, the Louisiana court entered an order awarding the permanent care, custody and control of Elisha to petitioner. On February 24, 1975, the California court entered an order pendente lite giving respondent custody of the minor child. On August 14, 1975, the Louisiana court entered a final judgment in which it confirmed its earlier custody award.

Petitioner was personally served with regard to the California proceeding, and respondent was personally served with regard to the Louisiana proceeding, at least in accordance with the laws of that state. Respondent did not enter an appearance or otherwise take part in the Louisiana proceeding. Petitioner appeared specially in the California proceeding to challenge that court's assertion of personal jurisdiction over him, with a motion to quash service. This motion was denied on August 4, 1975, upon a finding by the California court that when petitioner clandestinely moved the child from California, he had voluntarily brought himself within the jurisdiction of the court. The California court determined that petitioner's actions in California produced the minimum contact with that state necessary for the court to exercise personal jurisdiction over him. Apparently, petitioner has now submitted an answer to the complaint in the California action.

In July, 1975, respondent "turned the tables" on petitioner by going to Louisiana and covertly abducting Elisha. From there, she went to Kentucky. On August 7, 1975, respondent arrived in the Virgin Islands with the minor child. The stated purpose of her visit was to shop for and purchase a boat. While respondent was in the Virgin Islands, petitioner filed the instant petition for habeas corpus relief.

The nature of these proceedings limits the contention to whether respondent has a legal right to retain possession of the minor child as against petitioner, in violation of the Louisiana decree. This was precisely the issue in the landmark Supreme Court decision, May v. Anderson, 345 U.S. 528 (1952).

In May, appellee filed a writ of habeas corpus in an Ohio court, alleging that his former wife, appellant, was illegally restraining the liberty of their minor children by refusing to deliver them to him in compliance with a Wisconsin decree awarding custody to him. The parties, it seems, were married in Wisconsin and had been domiciled there with their children until 1946, when marital troubles developed. At that point, appellant took the children to Ohio with the consent of appellee. After appellant decided not to return to Wisconsin with the children, appellee filed suit in Wisconsin seeking an absolute divorce and custody of the children. Appellant was personally served in Ohio with a copy of the Wisconsin summons and petition. Such service was authorized by a Wisconsin statute pertaining to actions for divorce. The statute made no mention of its applicability to custody proceedings. Appellant entered no appearance and took no part in the Wisconsin proceeding. Appellee was awarded a divorce and custody of the children. He then demanded and obtained the children in Ohio, and maintained custody of them in Wisconsin until he allowed them to visit appellant in Ohio some years later. At that time, appellant refused to permit them to return to appellee. Appellee then filed a petition for a writ of habeas corpus in Ohio. The Ohio courts held that they were bound to give full faith and credit to the Wisconsin decree because, at the time it was issued, the children were technically domiciled in Wisconsin, although they were neither resident nor physically present there.

494

The Supreme Court outlined the question before them as whether a court of a state, where a mother is neither domiciled, resident nor present, may cut off her immediate right to the care, custody, management and companionship of her minor children without having jurisdiction over her *in personam.*

Id., at 533.

The related question was whether the Full Faith and Credit Clause of the United States Constitution entitled such a state court result to extra-territorial effect.

The Supreme Court held that even if the children were legally domiciled with the father, the Ohio court was not required to give full faith and credit to the Wisconsin judgment because the Wisconsin court lacked "the personal jurisdiction that it must have in order to deprive [appellant] of her personal right to [her children's] immediate possession." Id. at 534.

■ I see no reason why, under the holding in May, this court must give full faith and credit to the Louisiana decree awarding custody of Elisha to petitioner when that decree was obtained by him in a divorce action in a Louisiana court which had no personal jurisdiction over respondent —even though the minor child was a resident of, domiciled and/or physically present in Louisiana at the time the decree was issued. Indeed, I would be led away from so holding in light of the fact that the minor child's presence in Louisiana was due to petitioner's clandestine removal of the infant from the custody of respondent.[1]

My determination that the minor child need not be discharged from further restraint by respondent does not end the dispute between the parties. As noted, supra, there presently stands an order from a California court awarding custody of Elisha to respondent pendente lite. Respondent

---

[1] The majority in May suggested that this type of action on the part of a parent would warrant special consideration by a court. 345 U.S. at 535, n. 8.

asks this Court to enforce that order for reasons of comity. Respondent also requests, since petitioner has now entered a general appearance in the California proceeding, that the parties be limited to contesting each other's right to the custody of Elisha in California rather than in the Virgin Islands.

 As respondent concedes, the order of the California court is entitled to no more faith and credit in the Virgin Islands than would be accorded it in California. See Halvey v. Halvey, 330 U.S. 610 (1947). While I am not averse to enforcing the interim California order pending the outcome of a full custody hearing, I believe that such a hearing should be entertained immediately in a competent court in the Virgin Islands upon consideration of the following special facts adduced at the November 13, 1975 hearing before me: each party has been guilty of having stealthily removed the minor child from the other's physical control; the indications are that the removal of the child by each parent was accomplished for the purpose of evading the jurisdiction of the other party's chosen forum; no final custody order of any court has yet been issued following a hearing in which both parties were present and had an opportunity to offer evidence supporting their respective claims for custody; all parties and the minor have been physically in the Virgin Islands and before this Court, and mother and daughter are still physically in the Virgin Islands; this Court finds from the testimony that requiring petitioner to litigate the custody issue in California would work a substantial hardship upon him; it appears that until both parties have had their day in court *together*, they will continue to violate the visitation rights or custody orders of the several courts, to their daughter's great and obvious detriment.

Elisha has been the object of a tug-of-war contest since October, 1974, and I am fairly driven to the conclusion

that her welfare will continue to be severely injured unless this contest is immediately and definitely brought to an end. Because Elisha happens to be physically present here, as an initial matter this Court would appear to have jurisdiction to end the contest and make an award of custody on the basis of its "authority as paren patriae to provide for the general welfare of any child who is within its borders". Bergen v. Bergen, 439 F.2d 1008, 1013 (3rd Cir. 1971), discussing Finlay v. Finlay, 148 N.E. 624 (1925). However, under Perrin v. Perrin, 408 F.2d 107 (3rd Cir. 1969), the District Court of the Virgin Islands, pursuant to 16 V.I.C. § 109, has been held to have jurisdiction to award custody of children of a marriage only where the Court dissolves the marriage or declares it void. Therefore, since the marriage of the parties in this case has already been dissolved elsewhere,[2] a custody hearing must be held before the municipal court, which has express jurisdiction pursuant to 4 V.I.C. § 172(3). Accordingly, this action will be transferred to the municipal court under 4 V.I.C. § 32(b) for a full hearing to determine whether, in the best interest of the child, custody should be awarded either to petitioner or to respondent.

In so doing, I am not unmindful of the caveat in Bergen, that when there is a true conflict between courts of proper jurisdiction, principles of comity must be considered and an evaluation "of the relative strength of the interests of the competing jurisdictions" must be made. 439 F.2d at 1013. On balance, I believe that the interest of this jurisdiction in deciding the case is more substantial than that of California. As stated before, both parties and the minor child have been physically present in the territory. Under the Restatement of Conflicts, Second, § 30, Comment a., Elisha, on the facts presented at the hearing, is a resident

---

[2] The Louisiana separation order became a final decree of divorce on January 21, 1975, one year and one day subsequent to the entry of the separation order.

of the Virgin Islands. (Her residence is the same as her mother's. Respondent has been in the Virgin Islands since August 1975. She resides in an apartment with one Norman Willy, who has been living and working in St. Thomas since September, 1975. Mr. Willy, who testified at the hearing, stated that he and respondent plan to purchase a boat to take to California. Mr. Willy also stated that he and respondent would be in a position financially to make the purchase in February, 1976, at the earliest). As mentioned before, requiring petitioner to litigate the custody issue in California would work a substantial hardship on him. He is 66 years old, and testified at the hearing that he had to mortgage his property in order to raise enough money to pursue respondent and his daughter to the Virgin Islands.

Additionally, California's jurisdiction to determine custody is, at least in part, based on Elisha's presence there, attributable to respondent having taken the child from petitioner to that state without his consent.

For all these reasons, this territory has an interest in this case outweighing that of California, and considerations of comity are not, therefore, strong enough to encourage this Court to require that the parties contest the custody issue in that state.

The cause will be transferred to the municipal court for a full hearing in which each party is to be given the opportunity to demonstrate why the welfare of the child would best be served by awarding custody to him or her. Pending the outcome of that hearing, the child is to remain in the custody of respondent.