**VERNON JORGENSEN, Petitioner**

v.

**DAUNNA MARIE JORGENSEN, Defendant**

Civil No. 75/680

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 3, 1977

**FEUERZEIG,** *Judge*

### ORDER FOR RETURN OF MINOR AND INTERIM VISITATION

Although the court was optimistic that it would be able to close the book on this protracted and bitterly contested custody dispute, it now finds that a new chapter must be written. After a full day of testimony on May 4, 1977, the parties returned to Court on May 23, 1977, to present concluding testimony and arguments. At counsel's request, the proceedings were delayed to permit the parties to engage in settlement negotiation. After an hour or more, the parties and counsel returned and announced that a settlement had been reached and that a Consent Judgment had been agreed upon. The terms of the Consent Judgment

were spelled out in detail, read into and consented to on the record by counsel and by each party under oath. All that remained was for the parties to reduce the Consent Judgment to writing for the court's signature. It now appears, however, that the respondent, Daunna Marie Jorgensen, mother of the minor, Elisha Dawn Jorgensen, fled the Virgin Islands with the minor within a few hours after the terms of the Consent Judgment were agreed to.

Petitioner on June 1, 1977, filed a motion for an order of contempt based upon the respondent's failure to appear or produce the minor child on May 28, 1977, for a visitation as provided by the Consent Judgment and the respondent's failure to advise the petitioner of the address and telephone number where she would be found and where the child could be contacted. The motion came on for hearing on June 2, 1977. The petitioner, Vernon Jorgensen, was present with his counsel, Marie T. Hodge, Esquire; the respondent, Daunna Marie Jorgensen did not appear, but was represented by her counsel, James E. Dow, Esquire.

With the consent of respondent's counsel, the testimony of Norman Wille was taken. Mr. Wille has lived for approximately two years with the respondent in what was described as a common law husband-wife relationship. Mr. Wille testified that he last saw Mrs. Jorgensen on the date of the May 23, 1977, hearing, that after the Consent Judgment was reduced to writing, Mrs. Jorgensen signed it and that at approximately 2:00 p.m. she went to Harry S. Truman Airport and boarded a plane and left the jurisdiction with the parties' child. Mr. Wille testified that he and Mrs. Jorgensen had decided approximately three months ago to relocate in Boston, Massachusetts, and that three weeks ago he gave notice to his employer that he was terminating his employment, effective June 2, 1977. He

soon will be leaving for Boston. He testified that he had forwarded most of Mrs. Jorgensen's personal effects to her mother in Erlanger, Kentucky. He said he called Mrs. Jorgensen's mother's home in an attempt to contact Mrs. Jorgensen and was informed that the respondent was no longer there. His understanding of the respondent's actions was that Mrs. Jorgensen had conveyed to him a continuing fear that Mr. Jorgensen would attempt to spirit Elisha away from Mrs. Jorgensen during one of the visitations granted to him under the Consent Judgment.

The Consent Judgment, entered into on May 23, 1977, and signed later that day by both parties, granted permanent custody and care of the child, Elisha Dawn Jorgensen, to the respondent, Daunna Marie Jorgensen. Detailed visitation rights were granted the petitioner, Vernon Jorgensen, and specified, in part, that on May 28, June 4, and June 11, 1977, Mr. Jorgensen would be permitted to visit with the minor child for four hours on each date in the presence of Mrs. Jorgensen. The Court announced its approval of the terms.

A word as to why the court approved the terms is in order. At the conclusion of the May 4, 1977, hearing, the court asked counsel to brief a number of legal and factual issues. Specifically, the court asked for proposed visitation arrangements from both sides and emphasized that regardless of who was granted custody, reasonable visitation rights would have to be awarded to the other party. The Court made it clear to all that it assumed its ruling concerning visitation would be abided by. The court further inquired of counsel as to the legal impact of Mr. Jorgensen's age in view of the tender age of the minor.[1] The court was of the opinion that the testimony up to the settlement agreement had established that the minor was

---

[1] Mr. Jorgensen is 68 years old, and Elisha Dawn Jorgensen is 7.

living in a viable and healthy home of some two years' duration in which the child was being given the love and care of her natural mother and of Mr. Wille,[2] a man who intended to become the husband of Mrs. Jorgensen. The court was strongly persuaded at that point by the consistent indications of the evidence that the minor had been enjoying a good home environment during the last two years with Mrs. Jorgensen and Mr. Norman Wille. Accordingly, for that and other reasons which need not be discussed now, the court was prepared to grant custody to Mrs. Jorgensen. This was coupled with the fact that the court did not want to inflict still another traumatic chain of events on the child.[3]

Based on Mr. Wille's uncontroverted testimony, this court now believes that Mrs. Jorgensen never had any intention of living up to the terms of the Consent Judgment stipulated and entered upon the record. The petitioner as a result also so contends and has requested the court not to sign the Consent Judgment or any judgment embodying the terms agreed upon by the parties. This also is because Mr. Jorgensen's consent, to a large extent, was premised on his enjoying the visitation rights provided in the Consent Judgment. The court will not now sign the Consent Judgment[4] or any judgment embodying the terms agreed

---

[2] Mr. Wille previously was married and was legally separated from his wife. He cannot state whether a final divorce decree has been granted, but he believes that to be the case.

[3] Elisha originally was taken in October of 1974 from her home in Louisiana by her mother to California. Subsequently in January of 1975 her father spirited Elisha back to Louisiana. Then the mother in July of 1975, through the use of a prostitute, regained custody of Elisha and relocated with Mr. Wille in the Virgin Islands. During all these skirmishes both parties were actively seeking custody of the child in the courts, Mrs. Jorgensen in California and Mr. Jorgensen in Louisiana. See Jorgensen v. Jorgensen, 12 V.I. 491 (D.V.I. 1976), for more detailed factual background.

[4] Counsel represented the Consent Judgment was not submitted to the court for signature because some insignificant changes had been made after Mrs. Jorgensen signed it and counsel wanted her to initial them before submitting the Judgment to the court.

upon by the parties for a more basic reason. The court was of the belief that granting custody to the mother would help to guarantee that the child would be provided a suitable home environment which it believed to be existing between the minor, Mrs. Jorgensen and Mr. Wille. Mrs. Jorgensen's decision to run away with the minor still one more time has seriously disrupted any kind of valid home life that the minor had enjoyed during the last two years, and also raises serious questions as to Mrs. Jorgensen's concern for the child's total welfare. See Clark, Law of Domestic Relations § 17.7, p. 601, n. 42 (1968); Annot., 32 A.L.R.2d 1005 (1953).

[I]t is highly desirable for the child to know and have affection for both parents. And the natural desire of the parent to have more than momentary contact with his child must not be overlooked.

Clark, Law of Domestic Relations § 17.5, p. 590 (1968).[5]

 The parties have both submitted themselves to the jurisdiction of this court. Both have entered appearances in this action, and have actively pursued their legal rights. In addition, Mrs. Jorgensen has resided in the Virgin Islands with the minor for approximately two years. Neither party can escape the court's jurisdiction by leaving the Virgin Islands.[6] Moreover, in view of the court's continuing jurisdiction over this controversy, Cox v. Cox, 8 V.I. 543, 457 F.2d 1190 (3d Cir. 1972), it is hereby

---

[5] From the time of the November 13, 1975, hearing, see note 6 infra, until this court conducted a pretrial conference on March 23, 1977, the father and child enjoyed only a brief visit on Christmas Day, 1976. From the time of the pretrial conference until the time of trial there were a few visits, but always in the watchful presence of the mother.

[6] The parties originally were before the District Court of the Virgin Islands in connection with a petition for Writ of Habeas Corpus filed by Mr. Jorgensen. After hearing testimony and argument of counsel at a November 13, 1975, hearing, Chief Judge Almeric L. Christian issued a Memorandum Opinion on February 6, 1976, and remanded the case to this court pursuant to 4 V.I.C. § 172(3) for a hearing to determine whether in the best interest of the child custody should be awarded either to the petitioner or the respondent. Pending the outcome of the hearing before this court, the District Court awarded custody to Mrs. Jorgensen.

ORDERED that the respondent, Daunna Marie Jorgensen, return forthwith with the minor so that the custody of said minor can be properly determined, and it is

FURTHER ORDERED that respondent Daunna Marie Jorgensen forthwith deliver custody of the parties' minor child to the father so that the child may enjoy a meaningful summer visitation with her father, which visitation shall commence forthwith and continue until August 15, 1977.[7] Prior to August 15, 1977, the court will determine in whose custody the minor shall remain, and it is

FURTHER ORDERED, that copies of this Order be served on counsel, the parties, Norman Wille, and the respondent's parents Mr. and Mrs. Robert Sellers, 15241 Garvey Road, Erlanger, Kentucky 41018.[8]

---

[7] Pursuant to the Consent Judgment, Mr. Jorgensen was to have visitation rights with the minor child from June 17, 1977, until August 15, 1977. The court knows of no reason why that visitation should not commence immediately.

[8] The Court at the conclusion of the testimony on June 2, 1977, ordered Mr. Wille, as soon as he has any contact with the respondent, to advise Mrs. Jorgensen that this court had ordered her to return forthwith to the Virgin Islands with the minor child.