**BLACK DIAMOND COAL MINING CO.,**
a corporation, Plaintiff-Appellee,

v.

**LOCAL UNION # 8460, UNITED MINE
WORKERS OF AMERICA,**
Defendant-Appellant.

No. 77–3229.

United States Court of Appeals,
Fifth Circuit.

June 21, 1979.

William E. Mitch, Earl V. Brown, Jr., Birmingham, Ala., for defendant-appellant.

Harry L. Hopkins, Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, MORGAN and RO-NEY, Circuit Judges.

RONEY, Circuit Judge:

In this appeal we consider what facts must be found by the district court to support an adjudication of contempt of a temporary restraining order enjoining a local union from engaging in, inducing or encouraging a strike.

The Black Diamond Coal Mining Company (Company) sought a restraining order against United Mine Workers Local 8460 (Union) on March 10, 1977, in an effort to end an unauthorized work stoppage which began the day before at the Company's Shannon Mine in Jefferson County, Alabama. Employees apparently refused to work because the bathhouse was dirty. In the restraining order, issued the same day, the court found that the Union by and through its officers, agents, and members had commenced a strike in breach of the mandatory grievance and arbitration provisions of the collective bargaining agreement. The Union, its officers, agents, and members were enjoined from engaging in a strike, from inducing or encouraging employees to strike, and from refusing to engage in grievance and arbitration procedures.

When the work stoppage continued through the following day, March 11, the Company sought an order to show cause why the Union should not be held in contempt. A contempt hearing was held on March 14 and the Union was adjudged to be in contempt and fined $7,500 with further prospective fines for each shift through which the work stoppage continued. The court stated in its findings of fact and conclusions of law:

> [T]he Court found the union to be in violation of the no-strike clause of its collective bargaining agreement and issued a temporary restraining order . . . ordering the work stoppage to cease.

> The work stoppage did not cease as ordered but has been, and is being continued . . . .

The district court did not make the findings that are necessary for us to decide the case one way or the other. We therefore vacate the order and remand for entry of a fresh order supported by appropriate findings permitting proper review.

A union can be held responsible for the unlawful acts of its members only when those acts are in some way attributable to the Union as an entity. For example, where the entire union membership functioning as a union engages in illegal activity the Union is held responsible under the "mass action" theory. *See Turnkey Constructors, Inc. v. Cement Masons Local 685*, 580 F.2d 798, 800 (5th Cir. 1978); *Vulcan Materials Co. v. United Steelworkers of America*, 430 F.2d 446, 455 (5th Cir. 1970), *cert. denied*, 401 U.S. 963, 91 S.Ct. 974, 28 L.Ed.2d 247 (1971). Similarly, the Union is responsible for the acts of its agents where committed within the scope of their authority. *See United States Steel Corp. v. UMWA*, 519 F.2d 1249, 1253 (5th Cir. 1975). Furthermore, the circumstances surrounding the strike may create an inference that the Union condones or ratifies the illegal activity and the Union will be held responsible by its failure to take measures to end the strike. *United States Steel Corp. v. UMWA*, 519 F.2d at 1256.

The Union can be held in contempt, then, only if the strike was conducted or encouraged by its members functioning as a union, by its agents acting within their apparent authority, or by those whose acts the Union can be held to have ratified by its inaction.

The court's contempt order was issued, however, absent findings that any of the preconditions for liability had been met. The need for specific findings of fact was discussed where a party was found in contempt of one court's order after having sought a contrary decision from a court in another jurisdiction:

An application for contempt . . . falls within the spirit of the requirement of Rule 52(a) of the Federal Rules of Civil Procedure. It presents issues for trial and the court therefore should specifically find not only the ultimate but also the subordinate facts on which its conclusion rests. Indeed, it is only if specific findings of fact are made that it is possible for a reviewing court to apply the standard . . . requiring the acceptance of findings of fact unless they are shown to be clearly erroneous.

*Bergen v. Bergen*, 439 F.2d 1008, 1014 (3d Cir. 1971). The appellate court in *Bergen* found that while the district court had full authority to adjudicate the party in contempt, its decision lacked sufficient findings of fact to show that the court had exercised its discretion after considering the operation of principles of comity.

In a case similar to our own, *North American Coal Corp. v. Local Union 2262, UMWA*, 497 F.2d 459 (6th Cir. 1974), a criminal contempt conviction against a local union was set aside and the case remanded for further fact findings. The court observed that the strike had continued after the union was enjoined from continuing or encouraging the strike and that a union meeting had been held at which support for the strike was voiced. The court concluded, however,

Whether such actions and sentiments can properly be attributed to the local union so as to prove guilt beyond a reasonable doubt should be the subject of testimony and findings on remand of the local union contempt charge.

497 F.2d at 467.

■ We reject the Company's argument that because the Union did not raise the issue of responsibility in the contempt hearing, the court need not have specifically found it to exist. The party seeking the contempt adjudication bears the burden of establishing the defendant's violation by clear and convincing evidence. *NLRB v. Alamo Express, Inc.*, 395 F.2d 481, 482 (5th Cir. 1968). The Union's responsibility for the contemptuous conduct is not the subject of a defense which the Union bears the burden of raising, *see, e. g., NLRB v. Trans Ocean Export Packing, Inc.*, 473 F.2d 612 (9th Cir. 1973) (inability to comply), but is an essential precondition to a contempt finding.

■ Neither is the argument persuasive that the temporary restraining order found the Union responsible and because the Union did not challenge its validity, its finding supports the contempt adjudication. Recitals in a temporary restraining order are not based on consideration of evidence but reflect preliminary *ex parte* action made on the basis of representations of the complaining party. *Bergen*, 439 F.2d at 1014.

■ The findings of the court's contempt adjudication would be sufficient only if a union is automatically liable every time its members go on strike, and that is clearly not the law in this Circuit. We therefore vacate the contempt order and remand the case to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.