The STATE OF MONTANA ex rel. COURTNEY STEVEN LaFLESCH, Relator, v. The DISTRICT COURT of the FOURTH JUDICIAL DISTRICT of the STATE OF MONTANA, in and for the COUNTY OF MISSOULA, and the HONORABLE JACK L. GREEN, District Judge, Respondents.

No. 12854.
Decided Oct. 3, 1974.
529 P.2d 1403.

MR. JUSTICE HASWELL did not participate.

## ORDER

PER CURIAM:

Original proceeding.

Relator petitions this Court for an appropriate writ to dis-' miss the criminal charge pending in respondent court, being cause No. 4192, entitled The State of Montana v. Courtney Steven LaFlesch, Defendant, contending that double jeopardy exists.

Counsel for relator was heard ex parte and thereafter the matter was set for adversary hearing. Such hearing was had, arguments presented by counsel, a motion to dismiss filed by respondent court and judge and the matter submitted.

The record in cause No. 4192 of the district court discloses that shortly after the trial commenced, and on November 21, 1973, over the objection of counsel for the relator, the district court granted a motion by the state for a mistrial.

On November 29, 1973, the case was set for trial on December 10, 1973. On December 7, 1973, a motion to dismiss was filed by relator predicated on former jeopardy. Following briefing, oral arguments were had on February 28, 1974, and on March 4, 1974, an order denying the motion was made. The cause was set for trial for May 1, 1974, but the setting was later vacated.

For the purpose of bringing the matter to this Court relator applied to the district court for a transcript at State expense. The request was granted and the transcript was so prepared, the certificate of the court reporter being dated April 12, 1974.

On September 13, 1974, relator filed his petition here and his counsel was heard, ex parte and on the same day an order was issued setting the matter for an adversary hearing on September 23, 1974. Upon that date a motion to dismiss was orally made by respondents, later reduced to writing. While the written motion does not encompass all points argued at the hearing, they are enumerated in respondents' brief.

We call attention to the provisions of the Montana Code of Criminal Procedure. Chapter 24 in section 95-2401, R.C.M. 1947, provides:

*"Application of chapter.*

"(a)   This chapter shall govern review in all criminal cases.

"(b)   All existing methods of review in criminal cases in the state are abolished. Hereinafter the only method of review in criminal cases shall be by notice of appeal."

The comment following this section, in part reads:

"This chapter provides a complete, simplified and speedy method of review in all criminal cases. Subsection (b) establishes Notice of Appeal as the sole method of review in criminal cases. However, it is not designed to limit or affect any types of review incidental to the extraordinary writs or post-conviction writs or post-conviction relief provided in Chapter 26 of this code."

Section 95-2404, R.C.M.1947, provides:

*"Scope of appeal. When may be taken by the defendant.*

"(a)   An appeal may be taken by the defendant only from a final judgment of conviction, and orders after judgment which affect the substantial rights of the defendant.

"(b)   Upon appeal from a judgment, the court may review the verdict or decision, and any order or decision objected to which involves the merits, or necessarily affects the judgment."

The comment that follows this section in part reads:

"It is the purpose of Subsection (b) to provide one complete, full and adequate review by enlarging the power of the reviewing court. This is accomplished by allowing the court to decide all questions raised by the entire proceeding, below, including an appeal from a motion for a new trial.

"It is intended that this section be supplemented by the extensive postconviction remedy."

The post-conviction hearing referred to is provided for in Chapter 26, section 95-2601, R.C.M.1947, which reads:

"Any person *adjudged guilty* of an offense in a court of record who has no adequate remedy of appeal and who claims sentence was imposed in violation of the constitution or the laws of this state or the Constitution of the United States, or that the court was without jurisdiction to impose such sentence, or that sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, upon any ground of alleged error available under writ of habeas corpus, writ of coram nobis, or other common-law or statutory remedy may move the court which imposed the sentence or the supreme court or any justice of the supreme court to vacate, set aside, or correct the sentence."

The comment following this section reads:

"This section brings together and consolidates into one statute all the remedies, beyond those that are incident to the usual procedures of trial and review, which are available for challenging the validity of a sentence of imprisonment. This remedy does not restrict a prisoner's rights of collateral attack. Any person adjudged guilty of an offense in a court of record, even though not incarcerated, may attack the validity of his conviction, using this procedure."

It is thus apparent that the exception noted in the comment to section 95-2401, R.C.M.1947, is limited to persons "adjudged guilty" of an offense and is not available prior to conviction.

To care for the exceptional situation section 95-2402, R.C.M. 1947, provides:

"In the interest of expediting decision upon any matter before it, or for other good cause shown, the supreme court may suspend the requirements or provisions of these rules on application of a party or on its own motion and may order proceedings in accordance with its direction."

The comment in part states:

"* * * Adjusted to state practice, the purpose is to make clear the power of the Supreme Court to expedite the determin-

ation of cases of pressing concern to the public or to the litigants by prescribing a time schedule other than that provided by the Rules. The Rule also contains a general authorization to the Supreme Court to relieve litigants of the consequences of default where manifest injustice would otherwise result."

After reviewing these statutes and the various commentaries as herein set forth it is clear that the remedy of a criminal defendant lies in an appeal following his conviction, or in a post-conviction proceeding following his conviction, except where the writ of habeas corpus is applicable.

This is not a case which moves our discretion to suspend the rules under section 95-2402, R.C.M.1947. Here the most expeditious way to handle the case is to proceed in accordance with our rules, which in our judgment will enable the relator to secure a prompt and fair trial, and if a conviction results adequate further remedies are provided.

The relief sought is denied and this proceeding is dismissed.

MR. JUSTICE HASWELL did not participate in this opinion.