No. 14246

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

THE STATE OF MONTANA, ON THE
RELATION OF RICHARD L. TURK,

Relator,

-vs-

THE DISTRICT COURT OF THE EIGHTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
CASCADE, and the HONORABLE TRUMAN G.
BRADFORD, presiding District Judge et al.,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Joseph C. Engel, III argued, Butte, Montana

For Respondents:

Hon. Mike Greely, Attorney General, Helena, Montana
Sheri K.Sprigg, Assistant Attorney General, argued,
Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana
Dennis Lopach, Helena, Montana

---

Submitted: May 4, 1978

Decided: JUL 1 0 1978

Filed: JUL 1 0 1978

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an application by relator, Richard L. Turk, for a writ of supervisory control to be issued against respondent courts, arising from the prosecution of the relator for two alleged violations of the Motor Carrier Act, sections 8-101 through 8-132, R.C.M. 1947.

Turk is the owner of a certain Peterbilt motor tractor and semi-trailer. On June 22, 1976, Turk, as lessor, entered into a written lease agreement for the use of the tractor and trailer with Montana Pole & Treating Plant of Butte, Montana. The written lease provides in essence that the lessor leases the tractor and trailer to the lessee for a period beginning in Butte, Montana and ending in Great Falls, Montana. The lessee is to hire and have exclusive direction of all drivers of said equipment and to pay the driver's wages and expenses and other incidental payments, including unemployment payments and social security payments. The lessee is to furnish oil, fuel, and other items necessary to operate the motor vehicle equipment during the term of the lease with the lessor to bear the cost of any repairs due to mechanical failure or expenses necessary to keep the motor vehicle in operating condition. The lessee agrees to pay for insurance during the term of the lease, and to carry public liability cargo and property damage insurance and to assume the risk for liability to any persons arising during the trailer lease. Exclusive possession and control of the equipment is vested in the lessee. The amount of rental to be paid by the lessee, however, is left blank.

There is no provision in the lease that the lessee assumes full responsiblity for all regulatory fees nor does it appear that the lease was certified by the Public Service Commission.

The Public Service Commission of the State of Montana is charged with the duty of enforcing the Motor Carrier Act, section 8-103, R.C.M. 1947. On June 23, 1976, its enforcement officer, Albert Calkins, inspected the tractor and trailer in Cascade County while it was enroute from Butte to Great Falls during the term of the written lease, carrying a load. As a result of the inspection, he issued a complaint and summons in the Justice of the Peace Court in Cascade County against the driver of the motor vehicle equipment, Turk, charging that Turk did unlawfully operate a motor vehicle for the transportation of property for hire without having a certificate of public convenience and necessity as required by section 8-102(b), R.C.M. 1947.

It is admitted by the State that this charge grew from the determination by Officer Calkins that the terms of the lease under which Montana Pole & Treating Plant was operating the vehicle, through the driver Turk, did not comply with the requirements of the Montana Motor Carrier Act.

On August 24, 1976, trial was had in Justice Court before a jury on the charge against Turk, with Turk defending himself pro se. The State called Albert Calkins as its witness, and through him introduced two written exhibits, a truck check list, and the lease agreement with Montana Pole. Defendant Turk appeared as his own witness. After closing arguments and instructions to the jury, a verdict was returned finding defendant "not guilty" of the charge against defendant as we have quoted it above.

On October 3, 1977, Turk again entered into a written lease agreement with Montana Pole & Treating Plant for the same motor equipment, identical in terms and conditions to the written lease of June 22, 1976, except for the date. Again, the vehicle was inspected on October 3 by Officer Albert Calkins, acting on behalf of the Public Service Commission and again, on October 20, 1977, a

"Notice to Appear and Complaint" was issued to defendant, charging him with violation of the Motor Carrier Act in the same language used in the first summons and complaint. This time Turk, appearing through counsel, filed a motion to dismiss, which the Justice Court denied. Thereafter, Turk filed with the District Court of the Eighth Judicial District, Cascade County, application for a writ of supervisory control to be issued out of the District Court to the Justice of the Peace Court for dismissal of the latest charge against Turk. That application was denied by the District Court on December 22, 1977.

The Justice Court then set the second cause against Turk for trial on April 20, 1978; however, Turk filed his application for a writ in this Court on April 6, 1978.

This Court set the application for adversary hearing, and oral arguments have now been heard and considered by this Court.

Turk raises these issues in support of his application: (1) His remedy by appeal is inadequate; (2) the Justice Court is wrongfully disregarding the applicable law with respect to the second charge against Turk; (3) Turk is being subjected to extended and needless litigation; and (4) the second charge against Turk is barred by the doctrine of collateral estoppel.

Respondents counter that: (1) Appeal is the proper remedy and the only remedy in a criminal cause; (2) Turk has also available to him post-conviction relief if convicted, and habeas corpus; (3) the application was not timely filed; and (4) collateral estoppel is not a bar to the prosecution of a second charge.

We turn first to the issue of the application of the doctrine of collateral estoppel. This doctrine is discussed in Gessell v. Jones, (1967), 149 Mont. 418, 421, 427 P.2d 295:

-4-

" * * *'Collateral estoppel' as raised by this
case may be considered as a branch of the doc-
trine of res judicata but is distinguishable
from the bar to litigation normally called res
judicata.  The distinction is that res judicata
bars the same parties from relitigating the same
cause of action while collateral estoppel bars
the same parties from relitigating issues which
were decided with respect to a different cause
of action.  See Cromwell v. County of Sac, 94
U.S. 351, 24 L.Ed. 195, for a frequently cited
discussion of this distinction.  The bar that
arises from collateral estoppel extends to all
questions essential to the judgment and actually
determined by a prior valid judgment.  Nadeau
v. Texas Co., 104 Mont. 558, 69 P.2d 586, 593,
111 A.L.R. 874; Restatement of Judgments, §68."

Thus, if the identical issues were litigated in the first
charge against Turk, it appears the doctrine of collateral estoppel
should apply.  Respondents argue, however, that the record is insuf-
ficient here to establish collateral estoppel because the first
charge against Turk was tried in Justice Court, which is not a
court of record.  Thus, respondents argue that other issues may
have determined the verdict of not guilty under the first charge;
for example, whether or not Turk was in fact operating the vehicle,
whether it was in fact a "motor vehicle" within the meaning of the
Motor Carrier Act, whether he was actually operating the vehicle
for the transportation of property, whether he was operating the
vehicle for hire, or whether he did in fact have a certificate of
public convenience and necessity.

It is the duty of the party asserting collateral estoppel
to present to the court evidence of the prior judgment or sufficient
portions of the record to enable the court to reach the conclusion
that collateral estoppel does apply.  State Farm Fire & Casualty
Co. v. Century Home Components, Inc., (1976), 275 Or. 97, 550 P.2d
1185, 1188.  However, in this case, that is impossible for Turk
because of a lack of record in a Justice of the Peace Court, other
than the stenographer's notes as to the introduction of exhibits, to
which we have already adverted.  Nor are we aided by the language

of the charges brought against Turk in each of the complaints filed against him, because in each instance he is charged with violating the provisions of section 8-102(b), R.C.M. 1947. This code provision is simply a blanket section, making it unlawful to violate any portion of or to fail to comply with the provisions of the Motor Carrier Act.

While we agree with counsel for respondents that the record ought to reflect identity of issues in order to establish collateral estoppel, we are disinclined to do so here, and thus dismiss Turk's application, on two grounds:

(1) Under the peculiar circumstances of this case it is impossible for Turk to supply a full record;

(2) In following that route, we would be regarding form rather than substance, and there can be no doubt that the real issue in each of the charges filed against Turk is whether the operation of the motor vehicle equipment under the lease arrangements comes within the provisions of the Motor Carrier Act.

A strong argument presented by counsel for the State is that in a criminal case, the only review available is by appeal or by post-conviction relief. In State ex rel. LaFlesch v. District Court, (1974), 165 Mont. 302, 304, 529 P.2d 1403, we pointed out that section 95-2401, R.C.M. 1947, provides that Chapter 24 of the Montana Code of Criminal Procedure governs appellate review in all criminal cases and all other existing methods of review in such cases are abolished. Moreover, it is provided in section 95-2601, R.C.M. 1947, that any person adjudged guilty of an offense in a court of record who has no adequate remedy by appeal and who claims a violation of the Constitution, or lack of jurisdiction, may obtain a hearing in the post-conviction remedy provided by Chapter 26 of the Montana Code of Criminal Procedure. Yet those provisions do not quite touch this case for if Turk is convicted in the Justice

Court, on appeal his case will be tried de novo in the District Court. Section 95-2009, R.C.M. 1947. Moreover, his post-conviction rights would not accrue until he had been adjudged guilty in a court of record which means after his case has been tried and he has been found guilty in the District Court. Section 95-2601, R.C.M. 1947.

The situation confronting us here is novel. Turk, on the one hand, is convinced of the validity of his lease arrangements; yet he has not made out a case for supervisory control by us of the lower court so as to dismiss the second charge against him. Yet if we do not act, he may be subject to charge after charge, with each operation by him under the lease, until such time as his conviction is achieved, and only then will his remedy by appeal become effective. The Public Service Commission on the other hand is charged by law to enforce the provisions of the Motor Carrier Act. It has a duty to prevent the transportation of property for hire by non-certified carriers, if Turk fits in that category. The principal bone of contention, the validity of the lease agreement, requires a speedy determination by a court of record, yet a speedy determination is far in the offing as matters now sit. It does appear that there will be extended and needless litigation between the contending parties unless it is forestalled in some way.

The Public Service Commission has other avenues of action open to it. Mandamus and injunction are available to compel compliance with valid regulations affecting the public. 13 Am Jur 2d, Carriers §32. Turk himself has an available remedy. He could proceed under the Uniform Declaratory Judgment Act and procure in a court of record a declaration of the legal status of the lease agreements. Section 93-8901, R.C.M. 1947.

If we regard this matter as coming to us from the District Court, we have the power under section 95-2402, R.C.M. 1947, to

suspend all rules relating to review in criminal cases, and to order such proceedings as may be necessary; even if section 95-2402 does not apply, our constitutionally-granted power of general supervisory control over all other courts (Article VII, Section 2, 1972 Montana Constitution) is sufficient for us to act.

Accordingly, we hold an order should issue out of this Court directed to the Justice Court of the Eighth Judicial District, State of Montana, in and for the County of Cascade, and to its presiding Justice of the Peace, directing and ordering said court and justice to grant a stay of proceedings with respect to the second charge filed against Turk, conditioned upon the filing by either of the contending parties, in a court of record and of competent jurisdiction, of an action to determine the validity of the lease agreements under which Turk is transporting property without certification, and the prompt prosecution of such action to a reasonably speedy termination.

<br>

_____
Justice

We Concur:

_____
Chief Justice


_____

_____
Justices

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 14246

THE STATE OF MONTANA, ON THE
RELATION OF RICHARD L. TURK,

Relator,

v.

THE DISTRICT COURT OF THE EIGHTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
CASCADE, and the HONORABLE TRUMAN G.
BRADFORD, presiding District Judge,
and THE JUSTICE COURT OF THE EIGHTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
CASCADE, and the HONOROABLE J. VAUGHN
BARRON, presiding Justice of the Peace,

Respondents.

FILED

JUL 10 1978

*Thomas J. Kearney*

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER

Pursuant to the order and opinion filed in this Court in the above entitled cause,

IT IS HEREBY ORDERED:

(1) That the Justice Court of the Eighth Judicial District of the State of Montana, in and for the County of Cascade, and the Honorable J. Vaughn Barron, its presiding Justice of the Peace, be and are each hereby ordered to stay proceedings in that certain criminal cause pending in its court in which defendant Richard L. Turk is charged with a violation of section 8-102(b), R.C.M. 1947, on the complaint of Albert Calkins, representing the Montana Public Service Commission, filed October 3, 1977, conditioned upon the filing by either of the contending parties, in a court of record and of competent

-1-

jurisdiction, of an action to determine the validity of the lease agreements under which Turk is transporting property without certification, and the prompt prosecution of such action to a reasonably speedy termination.

(2) That notice of this order, and of the opinion and order of the Court herein referred to be served by mail by the Clerk of this Court to each of the respondents above named and respective counsel of record.

DATED this 10th day of July, 1978.

_____
Chief Justice

_____

_____
Justices

-2-